**In re FAST FOOD PROPERTIES, LTD. # 1, a limited partnership, Debtor.**

**Bankruptcy No. SA–80–01783–PE.**

United States Bankruptcy Court, C. D. California.

July 21, 1980.

Andrew P. Katnik, Santa Ana, Cal., for debtor.

Norman L. Hanover, San Bernardino, Cal., for Su-Jac Enterprises, a creditor.

## MEMORANDUM OF DECISION AND ORDER DISMISSING CHAPTER 11 CASE

PETER M. ELLIOTT, Bankruptcy Judge.

The debtor filed a Chapter 11 case on July 11, 1980. The debtor has no unsecured creditors and only two secured creditors, the Small Business Administration, assignee of Security Pacific National Bank holding a note secured by a first trust deed on the debtor's property, and Su-Jac Enterprises holding an installment note secured by a second trust deed.

On July 17, 1980 Su-Jac filed a complaint for relief of stay against the debtor, adversary proceeding No. SA–80–0444–PE. On July 18, 1980 I heard Su-Jac's motion for an ex parte relief of the automatic stay which was opposed by the debtor.

It appears from the verified complaint in the adversary proceeding that the debtor is delinquent on the first trust deed for monthly payments due January 1, 1980 and all subsequent months at the rate of $3,407 per month for a total of $23,849. In addition, Su-Jac has advanced to the SBA and for foreclosure costs the sum of $23,530 in order to protect their second position.

Real property taxes in the amount of $5,766 are delinquent. The debtor has sought to restrain the foreclosure in the Superior Court, and the Superior Court has dissolved all restraining orders effective July 10, 1980.

■ It is obvious to me that this Chapter 11 case was filed solely for the purpose of frustrating the enforcement of the power of sale provision under Su-Jac's deed of trust and that the Chapter 11 case should be dismissed.

The first question which must be answered is whether this court's authority to dismiss a Chapter 11 case is limited to the grounds specified in 11 U.S.C. § 305(a). That section provides:

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or

(2)(A) there is pending a foreign proceeding; and

(B) the factors specified in section 304(c) of this title warrant such dismissal or suspension.

Under the Bankruptcy Act of 1898, the bankruptcy court, without express statutory authority, dismissed bankruptcy cases which were filed improperly or for an improper purpose.

*In re Ettinger*, 76 F.2d 741 (2d Cir. 1935), states:

Also, it is the duty of the court *sua sponte* when it believes its jurisdiction may have been imposed upon to inquire into the facts and act in accordance therewith.

*See also Porterfield v. Gerstel*, 222 F.2d 137 (5th Cir. 1955).

■ It would appear then that a court of bankruptcy has always had the inherent power to dismiss a case which imposed upon its jurisdiction. The whole thrust of the Bankruptcy Reform Act of 1978 is to expand the jurisdiction of the bankruptcy court, not to restrict it. It follows that 11 U.S.C. § 305 does not restrict my power to dismiss, but rather enlarges it. Therefore, on my own motion,

IT IS ORDERED that the above entitled Chapter 11 case is dismissed.

This dismissal renders moot any decision on the complaint for relief of stay in the matter of Su-Jac v. Fast Food Properties.