**In re CORAM GRAPHIC ARTS, division of Commisso Enterprises, Inc., Debtor.**

**Bankruptcy No. 880–07153.**

United States Bankruptcy Court, E. D. New York.

June 9, 1981.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

Josephine Commisso, President of Coram Graphic Arts (hereafter "debtor") filed a voluntary petition in bankruptcy under Chapter 11 of the Bankruptcy Code on behalf of the debtor on November 19, 1980. Neither the debtor nor its president is represented by counsel in the Chapter 11 proceeding.

A meeting of creditors was held on January 9, 1981, and was adjourned to January 16, 1981. At the hearing held on January 16, 1981, Josephine Commisso (hereafter "Commisso") refused to answer questions put forth by a creditor and sought to have the hearing adjourned until she could obtain legal counsel. The matter was referred to the Court and Commisso was advised by the Court that it was necessary for her to obtain legal counsel to represent the debtor. A final adjournment of the meeting of creditors was granted.

At the adjourned meeting of creditors, the debtor still had not obtained counsel and the hearing was adjourned to January 28, 1981. The debtor failed to appear on January 28, 1981, and the Court issued an order to show cause on February 17, 1981, why the Chapter 11 petition should not be dismissed pursuant to 11 U.S.C. Section 305(a).

Notice of the hearing scheduled for March 23, 1981, was served by mail upon Commisso, the members of the committee of creditors holding unsecured claims, and all creditors holding secured claims pursuant to Interim Bankruptcy Rule 2002.

The debtor failed to appear at the hearing held on March 23, 1981, and the Court reserved decision on the issue as to whether the Bankruptcy Court has the authority to *sua sponte* dismiss a Chapter 11 petition where there has been unreasonable delay by the debtor that is prejudicial to creditors.

## I.

Dismissal of a Chapter 11 case under the Bankruptcy Code is governed by subsection

(b) of Section 1112. In addition to setting forth the standards which are sufficient to support a dismissal of a Chapter 11 petition, Section 1112(b) provides that the Court may dismiss a Chapter 11 case *"on request of the party in interest,* and after notice and a hearing." (Emphasis added).

Predicated on the legislative history, Collier on Bankruptcy (15th Ed.) and Hon. Thomas C. Britton in the *Matter of Harry Gurwitch,* 6 B.C.D. 264 (S.D.Florida 1980) support the proposition that *sua sponte* action is prohibited since the Bankruptcy Code provides that the Court may act pursuant to Section 1112(b) only on request of a party in interest.

In contraposition thereto, a series of reported decisions hold that notwithstanding the language of Section 1112(b), the Court has the authority to *sua sponte* dismiss a Chapter 11 petition for cause shown. *See: In re Stahl, Asano, Shigetomi & Associates,* 7 B.R. 181, 6 B.C.D. 1306 (Bkrtcy., D.Hawaii 1980); *In re Gale,* 8 B.R. 960 (Bkrtcy., D. Maryland 1981).

This conflict in authority is due in large measure to the legislative history underlying the Bankruptcy Code. The relevant language in Section 1112(b) is an enactment of the House version of the Bankruptcy Code as set forth in H.R. 8200, 95th Congr., 1st Sess. (1977). *In re Stahl, Asano, Shigetomi & Associates, supra;* 5 Collier on Bankruptcy (15th Ed.) Para. 1112.01. The legislative history accompanying H.R. 8200 notes that the Court has broad discretion to dismiss a Chapter 11 case when a party in interest so requests. H.R.Rep.No.95–595, 95th Congr., 1st Sess. at p. 405 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787 (hereafter "House Report"). However, the House Report is silent as to whether the Court has the power to *sua sponte* dismiss a Chapter 11 case.

The Senate draft of Section 1112(b), as set forth in S. 2266, 95th Congr., 2nd Sess. (1978), provided that: "Except as provided in subsection (c) of this section, the court may at any time, *on its own motion* or on the motion of a party in interest, convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this title, . . . ." (Emphasis added). The legislative history with respect to S. 2266 specifies that the Court has the *sua sponte* power to dismiss a Chapter 11 case, but warns that such power should be used "sparingly and only in emergency situations." S.Rep.No.95–989, 95th Congr., 2nd Sess., at p. 117 (1978) (hereafter "Senate Report").

Section 1112(b), as enacted by Congress, neither expressly granted the Court the power to act *sua sponte*, nor specifically limited the Court's ability to act upon its own motion. *In re Stahl, Asano, Shigetomi & Associates, supra.* The legislative history addressing the compromise bill is silent as to why the House's draft of Section 1112(b) was adopted over the Senate's version which explicitly sanctioned *sua sponte* dismissals. 124 Congr.Rec. H 11,103 (daily ed. Sept. 28, 1978); 124 Congr.Rec. S 17,419 (daily ed. Oct. 6, 1978).

Therefore, aside from the use of the term "parties in interest," the legislative history does not support the exclusive dictate found in Collier on Bankruptcy or in the *Matter of Harry Gurwitch, supra.*

The reported decisions which have held that the Court has the *sua sponte* power to dismiss a Chapter 11 petition rely on the inherent power of the Bankruptcy Court as a court of equity.

Under the Bankruptcy Act, the Bankruptcy Court had the power to dismiss a Chapter XI petition where any of the following factors were present: (1) the interests of creditors would be better served under Chapter X; (2) there is no prospect of rehabilitation; (3) the dismissal is necessary to prevent the misuse of the statutory remedies afforded under Chapter XI; and (4) the dismissal of the Chapter XI petition will safeguard both public and private interests. *See: Securities and Exchange Commission v. United States Realty & Improvement Co.,* 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940); *In re Ira Haupt & Co.,* 348 F.2d 907 (2nd Cir. 1965); *Hull v. Powell,* 309 F.2d 3 (9th Cir. 1962); *In re Pioneer Warehouse Corp.,* 2 B.R. 1 (Bkrtcy., E.D. New York 1979).

The inherent power of a Bankruptcy Court to dismiss a Chapter XI proceeding under the Act did not derive from the statutory provisions of the Act, but rather was predicated on: (1) the public policy found both in the Act's legislative history and in an analysis of its terms; and (2) the authority of the Court clothed with equitable powers to give effect to that policy. *Securities and Exchange Commission v. United States Realty & Improvement Co., supra.*

Ample pre-Code case precedent established that the Bankruptcy Court could exercise its inherent power to dismiss a Chapter XI proceeding *sua sponte. In re Ettinger,* 76 F.2d 741 (2nd Cir. 1935); *Banque de Financement v. First Nat. Bank of Boston,* 568 F.2d 911 (2nd Cir. 1977); *In re Pioneer Warehouse Corp., supra.*

The depository of the Bankruptcy Court's inherent power to dismiss bankruptcy proceedings is found in Section 105(a) which empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *In re Larmar Estates, Inc.,* 5 B.R. 328, 6 B.C.D. 711 (Bkrtcy., E.D.N.Y. 1980); *In re Dutch Flat Investment Co.,* 7 B.R. 37, 6 B.C.D. 1134 (Bkrtcy., N.D.California 1980).

With respect to the scope of the Court's power under Section 105(a), the legislative history provides that said section was intended to " . . . cover *any powers traditionally exercised* by a bankruptcy court that are not encompassed by the All Writs Statute." H.R.Rep. 95–595, 95th Congr., 1st Sess. at p. 317 (1977), U.S.Code Cong. & Admin.News 1978, p. 6274. Such powers include the *sua sponte* dismissal of cases, the right to control the Court's trial calendar and the authority to guarantee that the purposes of the Bankruptcy Code are fulfilled in the case. *See: In re Dutch Flat Investment Co., supra.*

■ Neither the Bankruptcy Code nor the legislative history evidence an intent to restrict the Court's inherent power. Reported decisions under the Bankruptcy Code have held that this inherent power is in no way altered by the Bankruptcy Reform Act of 1978. *See: In re Dutch Flat Investment Co., supra; In re Northwest Recreational Activities, Inc.,* 4 B.R. 36, 6 B.C.D. 164 (Bkrtcy., N.D.Georgia 1980).

■ Therefore, the Court finds that it has the *sua sponte* power to dismiss a Chapter 11 proceeding for cause shown. This conclusion is predicated on the Court's inherent duty and power to supervise and ensure the orderly administration of the debtor's estate. Without the power to act *sua sponte,* the Court is rendered impotent precluding the Court from dismissing a Chapter 11 case except on the request of a party in interest. If every Chapter 11 case engendered an active creditors' committee, represented by able counsel, then the need for the Court to act *sua sponte* would seldom arise. However, experience has proven, as in the case at bar, that generally the activity of the parties in interest is directly related to the size of the debtor's estate. The smaller the Chapter 11 case, the less activity by the parties in interest.

■ Further, a court must look beyond the plain meaning of a statute if such a meaning would lead to absurd or futile results. *In re Stahl, Asano, Shigetomi and Associates, supra.* To deny the Court *sua sponte* power to dismiss a Chapter 11 case would invite an unscrupulous debtor to allow its assets to dissipate or enter into secret, preferential agreements with some of its creditors while the Court awaits for a party in interest to move to dismiss or convert the Chapter 11 case.

■ This is not to say, however, that the Court should invoke its inherent power to *sua sponte* dismiss a Chapter 11 proceeding whenever the Court is not satisfied with the debtor's progress toward a successful reorganization. As the Supreme Court stated: " . . . a bankruptcy court cannot, *because of its own notions of equitable principles,* refuse to award the relief which Congress has accorded the bankrupt, . . ." *Securities and Exchange Commission v. United States Realty & Improvement Co., supra,* 60 S.Ct. at p. 1054. (Emphasis added). Whether or not the Court should exercise its inherent

power must be determined on a case by case basis with due weight given to the specific facts and equities of the case.

In the case at bar, the failure of a corporate debtor to be represented by counsel, the lack of participation in the Chapter 11 proceeding by the creditors' committee, Commisso's refusal to answer questions advanced by a creditor at the meeting of creditors, the debtor's failure to appear at the last scheduled meeting of creditors, the debtor's failure to file monthly financial reports as required by Rule 19(a) of the Local Rules of the United States Bankruptcy Court for the Eastern District of New York, and the debtor's failure to file a plan of reorganization within the 120 day exclusivity period pursuant to Section 1121(b), constitute delay by the debtor which is prejudicial to the creditor body.

To refuse the Court the *sua sponte* power to act under these circumstances would prejudice creditors while permitting the debtor to unduly benefit from the provisions of the Bankruptcy Code. Such a result would render the rehabilitative aim of Chapter 11 a mockery.

Clearly, such a situation does not further the purposes of Chapter 11, which is to:

> Restructure a business's finances so that it may continue to operate, provide its employees with jobs, pay its creditors, and produce a return for its stockholders.

H.R.Rep.95–595, 95th Congr., 1st Sess. at p. 220 (1977), U.S.Code Cong. & Admin.News 1978, p. 6179.

Finally, the Court may require an attorney to appear for the corporate debtor on pain of dismissal should the Court find that lay representation is causing a substantial threat of disruption and injustice. *In re Holiday's Tax Services, Inc.,* 417 F.Supp. 182 (E.D.N.Y.1976), *aff'd* 614 F.2d 1287 (2nd Cir. 1979); *In re J.R.L. Sportswear, Inc.,* 77–B–601 (E.D.N.Y. May 26, 1977).

In this case, after Commisso refused to answer the inquiries of a creditor at the meeting of creditors held on January 16, 1981, the Court directed Commisso to retain counsel to represent the debtor during the Chapter 11 proceedings. Commisso failed to comply with the Court's request. The debtor's lack of representation by counsel has led to a substantial threat of disruption and injustice, clearly demonstrated by the debtor's failure to appear at the meeting of creditors held on February 11, 1981, and the debtor's failure to comply with the requirements of the Bankruptcy Code and this district's Local Rules.

## II.

Indeed, the Court is not limited to the inherent power proviso of Section 105(a), to *sua sponte* dismiss a Chapter 11 case, or to the criteria set forth in Section 1112(b). *See: In re Saint Matthew Lutheran Church of Irvine, California,* 6 B.C.D. 578 (Bkrtcy., C.D.California 1980); *In re Fast Food Properties, Ltd.,* 5 B.R. 539, 2 C.B.C.2d 1159 (Bkrtcy., C.D.California 1980). Section 305(a) provides that the Court may dismiss a case under the Bankruptcy Code at any time if the interests of creditors and the debtor would be better served by such dismissal. 11 U.S.C. Section 305(a); H.R.Rep.95–595, 95th Congr., 1st Sess. at p. 325 (1977); S.Rep.95–989, 95th Congr., 2nd Sess. at p. 35 (1978).

As was stated in the *Matter of Fast Food Properties, Ltd., supra,* 5 B.R. 539, 2 C.B. C.2d at p. 1160:

> Under the Bankruptcy Act of 1898, the bankruptcy court, without express statutory authority, dismissed bankruptcy cases which were filed improperly or for an improper purpose ... It would appear then that a court of bankruptcy has always had the inherent power to dismiss a case which imposed upon its jurisdiction. The whole thrust of the Bankruptcy Reform Act of 1978 is to expand the jurisdiction of the bankruptcy court, not to restrict it. It follows that 11 U.S.C. Section 305 does not restrict my power to dismiss, but rather enlarges it.

Premised on the foregoing precepts of law and the findings of fact enunciated, the Court concludes that it has the inherent power to *sua sponte* dismiss the debtor's Chapter 11 petition pursuant to Sections

105, 305 and 1112(b) of the Bankruptcy Code.