Nathan **FARMER**, et al., Appellants,

v.

**FIRST VIRGINIA BANK OF FAIRFAX COUNTY, VIRGINIA,**
Trustee, Appellee.

Civ. A. No. 82–0304–R.
Bankruptcy No. 81–00927–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Aug. 6, 1982.

---

Charles H. Cuthbert, Jr., Petersburg, Va., for appellants.

J. Stephen Buis, Taylor, Hazen, Kauffman, Lipscomb & Smith, Richmond, Va., for appellee.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

The appellants are a group of unsecured creditors of Colonial Memorial Gardens, Inc. (Colonial). The debtor was the subject of an involuntary liquidation proceeding filed by these creditors in the United States Bankruptcy Court for the Eastern District of Virginia. The presiding bankruptcy judge dismissed this proceeding on abstention grounds. *See* 11 U.S.C. § 305(a) (Supp.

IV 1980). The appellants now appeal this dismissal. The appellee is First Virginia Bank of Fairfax County, Virginia (the Bank), the trustee in bankruptcy. The court has jurisdiction over this appeal pursuant to section 405(c) of the Bankruptcy Reform Act of 1978. *See* Pub.L.No.95–598, § 405(c)(1)(C), 92 Stat. 2549 (1978).

## I. FACTUAL BACKGROUND

The Bank, in addition to being the trustee in bankruptcy, is a secured creditor of Colonial. It holds a note in the principal amount of $25,000 secured by a deed of trust on land owned by Colonial. On February 5, 1979, the debtor defaulted on the loan represented by this note. The Bank then obtained a judgment in the amount of $38,105.92 against Colonial. It docketed this judgment in the county where the debtor's land is located on February 21, 1979. This filing created a judgment lien against the land.

On August 20, 1979, the Bank filed a bill of complaint in state court requesting that Colonial's parcel be sold to satisfy the judgment. On April 12, 1981, the state court entered a decree ordering the sale of the parcel. On June 1, 1981, however, several of Colonial's unsecured debtors filed an involuntary bankruptcy petition seeking the liquidation of Colonial under chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. §§ 303, 701–766 (Supp. IV 1980). The automatic stay created by this filing halted the sale of Colonial's land. *See id.* § 362(a)(2).

On October 15, 1981, the Bank moved the bankruptcy court to dismiss the involuntary petition under section 305(a). *See id.* § 305(a).[1] The Bank argued that abstention would be in the interest of both the creditors and the debtor, because the state court was the best forum in which to re-

---

1. Section 305 provides in relevant part:
   (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
   (1) the interests of creditors and the debtor would be better served by such dismissal or suspension. . . .

   . . . .
   (c) An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise.
   11 U.S.C. § 305 (Supp. IV 1980).

solve the validity of the Bank's lien. The group of unsecured creditors that filed the petition, however, responded that abstention would impair their interests. The creditors contended that relegating the matter to state court would deprive them of their priority under the Bankruptcy Code as consumer creditors. *See id.* § 507(a)(5).

On February 2, 1982, the bankruptcy court granted the Bank's motion to dismiss on the following grounds:

Abstention in this case would serve the interests of both the creditors and the Debtor. The Bank loaned Colonial money out of the trust fund. It appears from representations by counsel that under Virginia law money which the Bank would recover from Colonial after sale of the property would be deposited into the trust fund for the benefit of all those who have an interest in the property. The unsecured creditors also would have an opportunity to bring any action against the Bank on account of the allegations they have set forth in this Court. *See In re Coram Graphic Arts,* 11 B.R. 641 (Bkrtcy.E.D.N.Y.1981); *In re Fast Food Properties, Ltd.,* 5 B.R. 539 (Bkrtcy. C.D.Cal.1980).

This matter proceeded through the Virginia state courts during the past three years and it appears that it is close to being resolved under state law. The retention of this matter before this Court would needlessly drain the parties' assets and prolong the final outcome of this case. *See In re Nina Merchandise Corporation,* 5 B.R. 743 (Bkrtcy.S.D.N.Y.1980).

*In re Colonial Memorial Gardens, Inc.,* Bkrtcy. No. 81–00927–R, slip op. at 2–3

(Bkrtcy.E.D.Va. Feb. 2, 1982) (unpublished). A group of unsecured consumer creditors now appeals this dismissal.

## II. LEGAL ANALYSIS

The appellants ask this court to review the bankruptcy court's abstention under section 305(a) on due process grounds. The first hurdle that the appellants must cross is section 305(c). *See* 11 U.S.C. § 305(c) (Supp. IV 1980). This provision prohibits review of a dismissal under section 305(a) "by appeal or otherwise." *Id.* The appellants, however, contend that section 305(c) is unconstitutional to the extent that it forbids review of constitutional or jurisdictional issues.

▇▇▇ The Constitution entrusts the final decision on constitutional issues to the court system established under Article III. *See Cooper v. Aaron,* 358 U.S. 1, 18–19, 78 S.Ct. 1401, 1409–10, 3 L.Ed.2d 5 (1958); *Marbury v. Madison,* 1 Cranch 137, 177, 5 U.S. 137, 177, 2 L.Ed. 60 (1803). Bankruptcy courts clearly are not Article III courts. *See Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, ——, 102 S.Ct. 2858, 2865, 73 L.Ed.2d 598 (1982). The court, therefore, holds that section 305(c) is unconstitutional to the extent that it attempts to bar review of constitutional issues.[2] As a consequence, the court will read a proviso into this section permitting appeals based on constitutional grounds. A contrary holding would make a non-Article III judge the final arbiter of constitutional questions arising under section 305.

---

2. The statute governing judicial review of decisions by the Veterans Administrator (VA) contains language similar to that found in section 305(c). This statute attempts to eliminate a district court's power to review VA determinations:

[T]he decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision . . . .

38 U.S.C. § 211(a) (1976). The courts, however, have held that this prohibition does not bar judicial review of constitutional issues raised by VA determinations. *See Johnson v. Robison,* 415 U.S. 361, 366, 94 S.Ct. 1160, 1165, 39 L.Ed.2d 389 (1974); *University of Maryland v. Cleland,* 621 F.2d 98, 100 (4th Cir. 1980); *Wayne State University v. Cleland,* 590 F.2d 627, 631 (6th Cir. 1978); *American Federation of Government Employees, AFL–CIO v. Nimmo,* 536 F.Supp. 707, 711 (E.D.Va.1982). *See also Weinberger v. Salfi,* 422 U.S. 749, 762, 95 S.Ct. 2457, 2465, 45 L.Ed.2d 522 (1975). This same rationale should apply to section 305(c).

The appellants base their appeal of the bankruptcy court's abstention on due process grounds. Thus, the court has jurisdiction over this appeal despite the bar of section 305(c). The appellants do not contend that the bankruptcy judge violated procedural due process in dismissing this case. They instead argue that his decision contravened substantive due process, because it was arbitrary and capricious. This standard permits only a narrowly restricted review of the bankruptcy court's decision. *See, e.g., American Meat Institute v. USDA*, 646 F.2d 125, 127 (4th Cir. 1981). The court may not overturn the decision, unless there is no rational basis for it. *See id.*

The test that a bankruptcy court must apply under section 305(a) is whether "the interests of creditors and the debtor would be better served by ... dismissal." 11 U.S.C. § 305(a) (Supp. IV 1980). Under this test, abstention is appropriate only if it will not impair the interests of any of the parties involved. *See In re Donaldson Ford, Inc.*, 19 B.R. 425, 435 (Bkrtcy.N.D. Ohio 1982); *In re First Dade Corp.*, 17 B.R. 887, 889 (Bkrtcy.M.D.Fla.1982). The bankruptcy court has clearly stated why dismissal would aid the Bank and the debtor. The bankruptcy court, however, has not sufficiently articulated how abstention will serve the interests of the appellants. First, the bankruptcy judge's opinion does not give a basis for his conclusion that "under Virginia law money which the Bank would recover from Colonial after sale of the property would be deposited into the trust fund for the benefit of all those who have an interest in the property." *In re Colonial Memorial Gardens, Inc.*, Bkrtcy. No. 81–00927–R, slip op. at 2–3 (Bkrtcy.E.D.Va. Feb. 2, 1982). Second, the opinion does not explain why abstention will not impair the priority of consumer creditors under 507(a)(5). *See* 11 U.S.C. § 507(a)(5) (Supp. IV 1980).

The court, therefore, does not have a sufficient record upon which to review the decision to abstain. As a consequence, it remands the case to the bankruptcy court for clarification of the grounds for its decision.