## In re Roger E. RAY, Debtor.

### Appeal of Roger E. RAY.

### Civ. A. No. 284–40.

United States District Court,
S.D. Georgia,
Brunswick Division.

March 27, 1984.

Andrew A. Taylor, Kingsland, Ga., Steven L. Jackson, Waycross, Ga., for debtor.

## ORDER

ALAIMO, Chief Judge.

This is an appeal from an order of the Bankruptcy Court for the Southern District of Georgia, entered January 17, 1984, in which the bankruptcy court dismissed the voluntary reorganization petition of the appellant. The question presented to this Court on appeal is: whether the bankruptcy court erred under the facts of this case in dismissing the Chapter 11 proceeding prior to Cram-Down under 11 U.S.C. § 1129(b)(1) without any prior written or verbal motion to dismiss having been filed by any creditor, and whether such dismissal denied the debtor due process under the law.

Having read and considered the record of the bankruptcy court in this action, the Court concludes that the order of the bankruptcy court, dismissing debtor/appellant's case *sua sponte,* was a proper exercise of that court's discretion, and said order is hereby AFFIRMED.

## DISCUSSION

■ The debtor/appellant filed his Chapter 11 petition for reorganization on November 15, 1982. The proceedings thereafter lingered on over the course of 1983, in which time the debtor offered two plans for reorganization to creditors. Neither plan received support from secured or unsecured creditors. On submission of debtor/appellant's second plan on November 3, 1983, the bankruptcy court issued notice of a confirmation hearing which provided:

> If the plan is not confirmed at said hearing, a hearing will thereupon be held to determine whether the case should be dismissed or converted to Chapter 7.

At the confirmation hearing, debtor/appellant was unable to foster support among creditors for his new reorganization plan. The Court then took testimony from the debtor/appellant and determined that, based on his present income, "there is no likelihood that any feasible Chapter 11 plan could help this Debtor." Record on Appeal at 53. Because of the futility of pursuing Chapter 11 remedies, the Court held that to further protect the debtor/appellant in this case would only disadvantage his outstanding creditors, who necessarily were losing interest during the pending reorganization. The Court then relied on its inherent authority to dismiss a proceeding *sua sponte.*

The appellant argues to this Court that in fact no such inherent power exists, for under 11 U.S.C. § 1112(b):

> Except as provided in subsection (c) of this section, *on request of a party in interest,* and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this

title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause.... (Emphasis supplied.)

Appellant would have the Court read § 1112(b) to be the exclusive means by which the bankruptcy court may dismiss cases on its docket. Because no party in interest in this case requested or moved for dismissal of the Chapter 11 proceeding, appellant avers that the bankruptcy court's *sua sponte* dismissal of his action exceeded that court's authority as described in § 1112(b).

█ Such a narrow reading of the Bankruptcy Code fails to accommodate the full scope of the bankruptcy court's powers. The bankruptcy court may dismiss cases *sua sponte* where to do so perpetuates the proper use of the bankruptcy mechanism. *See, e.g., In re Coram Graphic Arts,* 11 B.C.E.D.N.Y.1981); *Banque de Financement v. First National Bank of Boston,* 568 F.2d 911 (2d Cir.1977). That there was no motion to dismiss before the bankruptcy court in this case is not conclusive of the court's ability to dispose of the action.

This Court's reading of the record does not indicate that the bankruptcy court's conclusion that the debtor was not properly utilizing Chapter 11 procedures was clearly erroneous. Bankr.R. 8013 (1984). The debtor here had well over a year in which to work out a reasonable plan of reorganization with his creditors and had failed to comply with the schedule for reorganization approval set down by the court. The debtor was given notice of the hearing at which the court would decide whether to proceed with the case or dismiss debtor's petition, and the debtor failed to present adequate evidence that he was able to proceed under the chapter. The bankruptcy court could thus reasonably conclude that dismissal was appropriate.

█ Appellant's appeal to this Court is apparently borne of concern that the bankruptcy court's dismissal of his petition leaves him without recourse to restructure his credit position. The Bankruptcy Code indicates that this is not the case. Section 349 of the Bankruptcy Code provides that dismissals of cases under the Code shall be without prejudice unless the bankruptcy court, for cause, orders otherwise. 11 U.S.C. § 349(a) (1984). In the present case, the bankruptcy court's order dismissing the appellant's action did not specify that the dismissal is with prejudice, and the appellant is thus free to discharge his debts in a later action under the Code. As the appellant was allegedly on the verge of gaining creditor support sufficient to proceed to Cram-Down under 11 U.S.C. § 1129(b)(1), this Court finds no impediment to the refiling of appellant's Chapter 11 reorganization plans in a new action.

## CONCLUSION

Debtor/appellant's appeal from the order of the bankruptcy court dismissing his Chapter 11 action is hereby DENIED, and the order of the bankruptcy court is AFFIRMED.