**In the Matter of Robert J. COTHRAN and Brenda N. Cothran, Appellants/Debtors,**

**v.**

**UNITED STATES of America, Appellee.**

**Civ. A. No. 284–60.**

United States District Court, S.D. Georgia, Brunswick Division.

Dec. 18, 1984.

Karen F. White, Thomas P. Stamps, Atlanta, Ga., for appellants/debtors.

Lawrence B. Lee, Melissa Mundell, Savannah, Ga., for the U.S.

## ORDER

ALAIMO, Chief Judge.

By order entered February 1, 1984, Bankruptcy Judge Herman Coolidge denied confirmation of debtors' proposed reorganization plan and dismissed debtors' Chapter 11 case. Having considered debtors' appeal of this order, this Court affirms the bankruptcy court.

## FACTUAL BACKGROUND

Debtors, self-employed farmers, filed their petition for Chapter 11 reorganization on January 13, 1982. In August 1982, debtors proposed a plan of reorganization which their creditors overwhelmingly rejected. The rulings appealed from relate to a second plan, submitted on September 26, 1983. While the 1983 plan met with more general approval than its predecessor, it was vetoed by appellants' largest secured creditor, the Farmer's Home Administration ("FmHA"). Debtors owe the FmHA approximately $258,000. On August 31, 1983, the United States, for the FmHA, moved the bankruptcy court to dismiss debtors' reorganization action.

On December 12, 1983, Judge Coolidge heard debtors' motion to confirm their revised plan. The notice of hearing stated that the court would consider dismissing debtors' case if the hearing did not result in confirmation of debtors' plan. At the hearing, the United States stood firm in its rejection of the plan. The Government further argued that the plan could not be confirmed over its objection because the debtors had failed to satisfy 11 U.S.C. § 1129(a)(3), (8), (9) and (11)—four of the ten prerequisites to "cram-down" confirmation.

The bankruptcy court's order of February 1, 1984, denied confirmation for debtors' failure to have satisfied 11 U.S.C. § 1129(a)(2) and (11), and dismissed the case pursuant to 11 U.S.C. § 1112(b). On appeal, debtors assert that the bankruptcy court had insufficient grounds for both of its rulings and urge this Court to reverse the decision and remand with instructions to confirm debtors' reorganization plan.

## DISCUSSION

The Court separately considers Judge Coolidge's decisions to deny confirmation and to dismiss. In conducting its review, this Court recognizes that it may disregard the bankruptcy court's factual findings only if clearly erroneous. *See* Bankr.Rule 8013, 11 U.S.C.A. (West 1984); *In re Roger E. Ray*, 46 B.R. 424 (S.D.Ga.1984).

### Denial of Confirmation

The "cram-down" provision of 11 U.S.C. § 1129(b) enables a court to confirm a reorganization plan over creditors' objections. This statutory subsection provides:

(b) [I]f all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the

plan ... if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

Judge Coolidge concluded that he could not confirm debtors' plan pursuant to § 1129(b) because debtors had failed to satisfy the prerequisites listed at § 1129(a)(2) and (11).

Section 1129(a)(2) conditions confirmation on the debtors' compliance with the applicable provisions of Chapter 11. To the extent that the administrative provisions of Chapter 3 apply to cases under Chapter 11, a debtor must also abide by Chapter 3 or risk non-confirmation. See 11 U.S.C. § 103(a) (stating that Chapter 3 applies with equal force to cases under Chapter 11). The bankruptcy court found that debtors had violated 11 U.S.C. § 363(c)(2) by having spent cash proceeds from sale of collateral without the court's permission. This transgression, the court concluded, prevented debtors from satisfying § 1129(a)(2).

The conclusion of the bankruptcy court is comprised of factual and legal findings. This Court discerns no clear error in Judge Coolidge's factual finding that debtors used cash proceeds from their sale of collateral. Cothran as much as admitted this in the course of his testimony. Confirmation Hearing at 96A–100. Neither does it appear that the bankruptcy court erred in determining that the conduct violated Cothran's duty as a debtor in possession. See 11 U.S.C. § 1107(a) (authorizing a debtor in possession to perform the duties and functions of a trustee, among which are the duties described at 11 U.S.C. § 363(c)(2)).

The debtors complain that at the confirmation hearing the parties and the court agreed that only § 1129(a)(3), (8), (9) and (11) were at issue. Indeed, the Government asserted that debtors' use of cash collateral prevented debtor from satisfying § 1129(a)(3), rather than (a)(2). The debtors had an opportunity to address the alleged § 363(c)(2) violation at the hearing. The Court thinks it immaterial that the bankruptcy court considered the § 363 violation by reference to § 1129(a)(2) instead of § 1129(a)(3).

The bankruptcy court further concluded that debtors' plan failed to satisfy § 1129(a)(11), which permits confirmation of a plan only when confirmation is not likely to be followed by the liquidation or further reorganization of the debtor. Judge Coolidge doubted debtors' ability to generate income sufficient to meet the plan's debt service schedule and, thus, anticipated future financial trouble for debtors. This Court has reviewed the testimony of the Government's agricultural market expert regarding the yields, prices and costs which debtors can expect and finds that it provides an ample basis for the bankruptcy court's pessimistic financial prognosis. Consequently, the bankruptcy court's decision to deny confirmation on the basis of § 1129(a)(11) is affirmed.

In conclusion, the Court affirms the bankruptcy court's decision to deny confirmation for debtors' failure to have satisfied § 1129(a)(2) and (11).

**Dismissal of Debtors' Chapter 11 Case**

■ Section 1112(b) of Title 11 United States Code permits a court to dismiss a Chapter 11 case for cause on request of a party in interest after notice and a hearing. Judge Coolidge acted pursuant to the Government's § 1112(b) motion in dismissing appellants' case. The only issue on appeal is the adequacy of the causes for dismissal upon which the bankruptcy court relied.

The bankruptcy court grounded dismissal on § 1112(b)(1), (3) and (5). These paragraphs permit dismissal in case of:

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

(5) denial of confirmation of every proposed plan and denial of additional time for filing another plan or a modification of the plan.

11 U.S.C. § 1112(b)(1), (3) and (5). This Court cannot say that the factual findings which underlie Judge Coolidge's decision to dismiss on these grounds are clearly erroneous. See *United Properties, Inc. v. Em-*

*porium Department Stores, Inc.,* 379 F.2d 55, 63–65 (8th Cir.1967) (stating that the feasibility of a reorganization plan, the issue central to § 1112(b)(1) dismissal, is a question of fact). With particular regard to dismissal under § 1112(b)(3) and (5), the Court notes that this case has pended since January 1982. Having twice had reorganization plans rejected, debtors seem no nearer successful reorganization than they were in 1982. The case's slow progress provides a sufficient factual basis for the bankruptcy court's decision to dismiss for the causes stated in § 1112(b)(3) and (5). Accordingly, the Court affirms the dismissal of debtors' Chapter 11 case.

## CONCLUSION

This Court finds no error in the bankruptcy court's decision to deny confirmation of debtors' reorganization plan and to dismiss debtors' Chapter 11 case. These rulings are, therefore, AFFIRMED.