Marvin G. **FINSTROM**

v.

Wesley B. **HUISINGA, et al.**

Civ. No. 4–89–159.
Bankruptcy No. 4–88–3835.

United States District Court,
D. Minnesota,
Fourth Division.

June 30, 1989.

Marvin G. Finstrom, Kerkhoven, Minn., pro se.

John W. Riches, Benson, Minn. and Raymond R. Waechter, Willmar, Minn., for defendants.

## ORDER

ROSENBAUM, District Judge.

This matter is before the Court on appellant Marvin G. Finstrom's appeal from an order of the Honorable Nancy A. Dreher, United States Bankruptcy Judge, dated November 30, 1988. The bankruptcy court dismissed appellant's Chapter 11 case on the basis of appellant's failure to file proper statements and schedules.

The bankruptcy court's decision rested partly on a question of fact: were the statements and schedules submitted by appellant sufficient to proceed under Chapter 11? The bankruptcy court held appellant failed to comply with his duty pursuant to 11 U.S.C. § 521 and declined to accept his submissions.

The appropriate standard of review on appeal of a question of fact is set forth in Bankruptcy Rule 8013. Rule 8013 states "findings of fact shall not be set aside unless clearly erroneous." Bankruptcy Rule 8013. Based upon a review of the record, the Court concludes that the bankruptcy court's factual determination is not clearly erroneous.

The bankruptcy court's decision also rested on a question of law: may the bankruptcy court, *sua sponte*, dismiss a Chapter 11 case if appropriate filings are not made? The Bankruptcy Code does not specifically grant a bankruptcy court such power. Although the bankruptcy court did not address this specific question, it dismissed appellant's case on its own initiative.

The appropriate standard of review on appeal of a question of law is *de novo*. *In re Pierce*, 809 F.2d 1356, 1459 (8th Cir. 1987). Under the *de novo* standard, this Court "must independently determine the correctness of the ultimate legal conclusion adopted by the bankruptcy judge on the basis of the facts found." *Matter of Hammons*, 614 F.2d 399, 403 (5th Cir.1980).

 A bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the bankruptcy code. 11 U.S.C. § 105(a). Yet, the bankruptcy court is limited to the powers expressly, or by necessary implication, conferred upon it by Congress. *Johnson v. First Nat. Bank of Montevideo, Minnesota*, 719 F.2d 270, 273 (8th Cir.1983), *cert. denied*, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). A bankruptcy court is a court of equity, *Kenneally v. Standard Electronics Corp.*, 364 F.2d 642, 647 (8th Cir.1966), and its equitable powers may only be exercised in a manner consistent with the Bankruptcy Code. *Johnson*, 719 F.2d at 273; *see In re Briggs Transportation Co.*, 780 F.2d 1339, 1343 (8th Cir.1985).

Section 1112 of Title 11 permits a dismissal upon the "request of a party in interest." 11 U.S.C. § 1112(b). Section 1112

allows a bankruptcy court to dismiss a case for a variety of reasons, including "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1112(b)(3). The issue in this case is, therefore, narrowed to a more pointed determination of whether a case involving inappropriate filings by a debtor may be dismissed only if one of the parties moves for such dismissal.[1]

▆▆▆▆ The Court declines to limit the bankruptcy court's ability to dismiss litigation to cases in which one of the parties desires termination. A bankruptcy court has the inherent power to dismiss cases as it deems necessary. *In re Ray,* 46 B.R. 424, 426 (S.D.Ga.1984); *In re Jephunneh Lawrence & Associates Chartered,* 63 B.R. 318, 321 (Bankr.D.Col.1986); *In re Connelly,* 59 B.R. 421, 447–48 (Bankr.N.D.Ill. 1986); *In re Coram Graphic Arts,* 11 B.R. 641, 644 (Bankr.E.D.N.Y.1981); *see also Banque de Financement v. First Nat. Bank of Boston,* 568 F.2d 911, 915–16 (2d Cir.1977). Without such a power, the bankruptcy court could not fully accommodate the other powers expressly and implicitly granted to it by Congress. *In re Ray,* 46 B.R. at 426. A bankruptcy court must be able to dismiss *sua sponte* in order to perpetuate the proper and effective utilization of the "bankruptcy mechanism." *Id.*

Failure to vest a bankruptcy court with this most basic ability would enable debtors to take advantage of the bankruptcy courts through posturing and delay. *In re Coram Graphic Arts,* 11 B.R. at 645. Bankruptcy courts would lose the ability to supervise and guarantee orderly administration of the debtor's estate and the creditors' interests. *Id.* at 645. With respect to

the necessity of filing statements and schedules—as in the instant cause—a bankruptcy court must be able to ensure that creditors receive notice of proceedings which affect their interests. *See Ford Motor Credit Co. v. Weaver,* 680 F.2d 451, 456 (6th Cir.1982).[2]

In this matter, appellant was given ample time and warning to prepare a schedule comporting to Bankruptcy Code requirements. On October 7, 1988, appellant applied for and received a thirty day extension to submit his schedule. Appellant was also forewarned to enlist an attorney to aid him in the bankruptcy proceedings. At the hearing held November 30, 1988, appellant was informed his filings were deficient, but was given an additional five days to submit satisfactory statements and schedules and was once again encouraged to enlist counsel. Appellant failed to rectify his submissions and declined to obtain an attorney. The bankruptcy court, therefore, dismissed appellant's case on the basis of his failure to file appropriate statements and schedules.

In dismissing appellant's case, the bankruptcy court exercised its inherent power to manage its own proceedings. In the face of such non-compliance and stalling, the bankruptcy court was entitled to use its discretion in extinguishing a case which—at that time—showed no indications of meaningful progression. The bankruptcy court properly refused to extend the protection of the bankruptcy procedure to a debtor unwilling to abide by the tenets of the Code. Continuation of this matter would have burdened the bankruptcy court

---

1. Title 11, United States Code, Section 305, provides, in relevant part, that "[t]he court, after notice and a hearing, may dismiss a case … if … the interests of creditors and the debtor would be better served by such dismissal." 11 U.S.C. § 305. Section 305, however, is concerned with a bankruptcy court exercising abstention in the face of jurisdictional questions.

2. The Supreme Court has historically disfavored attempts by debtors to usurp the benefits created by the bankruptcy laws:

 That the law should give a creditor remedies against the estate of a bankruptcy, notwith-

standing the neglect or default of the bankrupt, is natural. The law would be, indeed, defective without them. It would also be defective if it permitted the bankrupt to experiment with it,—to so manage and use its provisions as to conceal his estate, deceive or keep his creditors in ignorance of his proceeding, without penalty to him. It is easy to see what results such looseness would permit,—what preference could be accomplished and covered by it.

*Birkett v. Columbia Bank,* 195 U.S. 345, 350–51, 25 S.Ct. 38, 40, 49 L.Ed. 231 (1904).

and exposed appellant's creditors to prejudicial delay.

Accordingly, for the reasons set forth above, and based on the files, records, and proceedings herein, IT IS ORDERED that:

The order of the bankruptcy court is affirmed.