**Theodore F. JABLONSKI, Appellant,**

v.

**INTERNAL REVENUE SERVICE and Gary J. Gaertner, Appellees.**

Civil Action No. 96–957.
Bankruptcy No. 95–24369 JKF.

United States District Court,
W.D. Pennsylvania.

Sept. 25, 1996.

Theodore F. Jablonski, Ford City, PA, pro se.

U.S. Attorney's Office, Jessica Lieber Smolar, Asst. U.S. Atty., Pittsburgh, PA, Department of Justice, R. Scott Clarke, Washington, DC, for appellees.

## OPINION
and
## ORDER OF COURT

AMBROSE, District Judge.

Pending before the Court is the Appeal of Theodore F. Jablonski ("Jablonski") from a final order of the United States Bankruptcy Court for the Western District of Pennsylvania ("Bankruptcy Court"). The Order at issue dismissed Jablonski's bankruptcy case for the failure to comply with the Bankruptcy Court's instructions to file proper federal income tax returns with the Internal Revenue Service ("IRS"). Because Jablonski filed an appeal pursuant to 11 U.S.C. § 8001(b), jurisdiction is based on 28 U.S.C. § 158(a). After careful consideration, and for the reasons set forth below, the Order of the Bankruptcy Court is affirmed.

### Factual Background

The facts relevant to the matters at issue in this appeal are relatively simple. On or about October 30, 1995, Jablonski filed a Petition pursuant to Chapter 13 of the Bank-

ruptcy Code. Jablonski simultaneously filed a proposed Chapter 13 plan (the "Plan").

On December 20, 1995, the IRS filed an Objection to Confirmation of the Plan. Specifically, the IRS claimed that Jablonski's failure to file income tax returns for the years 1991 through 1994 precluded it from correctly determining its priority claim. The Chapter 13 Trustee similarly filed an Objection to Confirmation.

After a February 13, 1996 hearing regarding confirmation of the proposed Plan, the Bankruptcy Court issued an Order continuing the confirmation hearing and directing Jablonski to file his federal income tax returns for the years 1987 through 1994. In response to the Order, Jablonski filed a "Request for Court to take Judicial Notice of the Debtor's Affidavit." Essentially, Jablonski sought to have the Bankruptcy Court take "judicial notice" of the complexity of the Internal Revenue Code. Jablonski stated, in his affidavit, that he did not have "sufficient knowledge to swear under penalties of perjury that his tax returns are true and correct as to every material matter." Jablonski further asked the Bankruptcy Court that "he be excused from being forced to commit perjury and the filing of any required tax returns be placed on the Secretary as required by Internal Revenue Code § 6020." The Bankruptcy Code denied Jablonski's requests.

The Bankruptcy Court did, however, grant Jablonski an extension of time within which to file his tax returns. During the April 17, 1996 continued hearing regarding confirmation of the proposed Chapter 13 Plan, counsel for the IRS informed the Bankruptcy Court that Jablonski had filed Forms 1040 for the years 1987 through 1994, but that he had entered "0" on all of the lines of the returns. Jablonski attached to the returns an "affidavit" stating that the returns were filed under duress and coercion.

In response to the Bankruptcy Court's inquiries as to why he had filed his returns in this manner, Jablonski remarked that "the IRS is unable to define income," and "I would like to have the IRS tell me what statute makes me liable to file a tax form." At the conclusion of the hearing, the Bankruptcy Court dismissed Jablonski's case, with prejudice, for failure to comply with the order directing him to file proper tax returns.

### *Standard of Review*

In reviewing an order of a bankruptcy court, a district court must apply a clearly erroneous standard to the court's findings of fact. Fed.R.Bank.P. 8013; *see also In re Gillingham,* 150 B.R. 907 (W.D.Pa.1993). A bankruptcy court's conclusions of law are subject to plenary review. *In re Mercado–Jimenez,* 193 B.R. 112, 117 (D.Puerto Rico 1996). Decisions made by the bankruptcy court in the exercise of its discretion must be reviewed for an abuse of discretion. *Chrysler Motors Corp. v. Schneiderman,* 940 F.2d 911 (3d Cir.1991).

### *Analysis*

Jablonski purports to raise the following issues on appeal:

(1) Whether the Court's orders were properly entered in accordance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure;

(2) Whether a Federal Court can completely ignore the issues set forth in a pleading;

(3) Whether the Court addressed and ruled on the evidence on the Debtor/Appellant's Motions pursuant to applicable law;

(4) Whether the Court can ignore the mandate of Rule 702 and 9023;

(5) Whether the Court can ignore the mandate of Rule 201 of the Federal Rules of Evidence;

(6) Whether the Court can ignore the mandate of Rule 201(e) of the Federal Rules of Evidence;

(7) Whether the office of the clerk is in violation of 11 U.S.C. § 107;

(8) Whether a valid Proof of Claim was entered by the creditor (IRS) in this case; [and]

(9) Whether there was cause to dismiss this case with prejudice.

Appellant's Brief, p. 1–2.

█ In its Brief, the United States contends that, "[a]lthough the Debtor/Appellant

raises several 'issues' in his statement of the issues on appeal and in his Brief, the only legitimate issue for this Court to resolve is whether the Bankruptcy Court abused its discretion in dismissing the Debtor's bankruptcy case with prejudice." Appellee's Brief, p. 4. I agree with the United States that the Bankruptcy Court's actions in dismissing the case is dispositive of this appeal.[1]

■ Although Jablonski framed the appropriateness of dismissing his case as an issue on Appeal, he did not substantively address this issue. Yet even if he had argued the merits, I would find such an argument unpersuasive. An independent review of the issue convinces me that the Bankruptcy Court acted well within its discretion in dismissing Jablonski's case.

■ It is well established that the Bankruptcy Court, as a court of equity, "has the inherent power to dismiss cases as it deems necessary." *Finstrom v. Huisinga*, 101 B.R. 997, 998–99 (D.Minn.1989); *see also In re Fricker*, 116 B.R. 431, 442 (Bkrtcy.E.D.Pa. 1990) (recognizing that a bankruptcy court is "empowered to dismiss a bankruptcy case *sua sponte*"); and *In re Moog*, 46 B.R. 466, 467 (N.D.Ga.1985) (stating that the "judicial power in bankruptcy judges is analogous to the broad, inherent power of district court judges to dismiss collusive, sham and frivolous suits, and needs no statutory basis"). "Without such a power, the bankruptcy court could not fully accommodate the other powers expressly and implicitly granted to it by Congress." *Finstrom*, 101 B.R. at 999, *citing In re Ray*, 46 B.R. 424, 426 (S.D.Ga. 1984). A bankruptcy court must therefore be able to dismiss *sua sponte* if it is to perpetuate "the proper and effective utilization of the 'bankruptcy mechanism.'" *Id.* (citations omitted).

Indeed, the failure to empower a bankruptcy court with this essential ability would enable debtors to profit from posturing and delay. *In re Coram Graphic Arts*, 11 B.R. 641, 645 (Bkrtcy.E.D.N.Y.1981). Further, "[b]ankruptcy courts would lose the ability to supervise and guarantee orderly administration of the debtor's estate and the creditors' interests." *Finstrom*, 101 B.R. at 999 (citations omitted).

The bankruptcy court's actions in the case *sub judice* finds support in the decisions of

---

1. Contrary to Jablonski's assertions, the dictates of Federal Rules of Civil Procedure 58 and 79, which address the promptness of the entry of judgment and are designed to give the parties notice for purposes of timely filing an appeal, *see* Comments to Rule 58, do not support a remand in this instance. Significantly, Jablonski does not contend that a delay in the entry of judgment, if any, prejudiced him in any manner, nor does the United States claim that Jablonski's appeal is untimely. Further, Jablonski's claim that the Bankruptcy Court ignored issues set forth in the pleadings is unconvincing. Other than invoking the phrase "due process," Jablonski fails to substantively argue this claim. The mere insertion of the phrase "due process" is not sufficient to warrant the requested relief. Even considering Jablonski's status as a *pro se* litigant, I find that Jablonski has failed to articulate a legitimate appellate issue. Neither did the Bankruptcy Court err in disposing of Jablonski's motions. Jablonski takes issue with the fact that the "Court did not require any action on the part of the creditor" with respect to Jablonski's "Objection of Proof of Claim." *Id.* However, as admitted by Jablonski elsewhere in his Brief, on February 13, 1996, the Bankruptcy Court did, in fact, order the United States to file a response to the "Objection of Proof of Claim." *Id.* at 3. Similarly, because Jablonski's case had previously been dismissed, the Bankruptcy Court's finding that it was without jurisdiction to consider Jablonski's "Motion for Findings of Fact and Conclusions of Law and to Amend the Judgment Under Rules 7052 and 9023," was not inconsistent with Rules 7052 and 9023 of the Bankruptcy Rules. Neither did the Bankruptcy Court violate Federal Rule of Evidence 201, when it declined to take judicial notice of the "complexity of tax law." I agree with the Bankruptcy Court that the ability of a taxpayer to understand the tax laws to the extent necessary to file a tax return is subject to dispute, and that such a matter is not capable of resolution or finding through judicial notice. Jablonski also calls for an investigation into the "irregularities" associated with the file maintained on this case by the Bankruptcy Clerk, yet does not allege that he was prejudiced by such action. As such, this argument does not merit remand. Finally, Jablonski contends that the United States failed to file a proper Proof of Claim. As detailed above, however, the United States advised the Bankruptcy Court of its inability to accurately determine its claim given Jablonski's failure to file certain tax returns. Thus the "adequacy" of the Proof of Claim would be material only if the Bankruptcy Court abused its discretion in dismissing Jablonski's case. Because, as detailed below, I find that the Bankruptcy Court did not abuse its discretion, I need not address this argument.

other courts. In *Finstrom v. Huisinga,* 101 B.R. 997 (D.Minn.1989), for instance, the bankruptcy court dismissed a Chapter 11 case based upon the debtor's continued failure to file proper statements and schedules. The debtor had been given "ample time and warning to prepare a schedule comporting to Bankruptcy Code requirements." *Finstrom,* 101 B.R. at 999. The bankruptcy court also granted the debtor a thirty day extension within which to submit his schedule. *Id.* The bankruptcy court further advised the debtor to enlist the aid of an attorney, and informed him that his filings were deficient. *Id.* Nevertheless, the debtor failed to submit satisfactory statements and schedules. *Id.*

Reviewing the bankruptcy court's actions, the district court stated:

> In dismissing appellant's case, the bankruptcy court exercised its inherent power to manage its own proceedings. In the face of non-compliance and stalling, the bankruptcy court was entitled to use its discretion in extinguishing a case which— at that time—showed no progression. The bankruptcy court properly refused to extend the protection of the bankruptcy procedure to a debtor unwilling to abide by the tenets of the Code. Continuation of this matter would have burdened the bankruptcy court and exposed appellant's creditors to prejudicial delay.

*Id.* at 999–1000. Accordingly, the district court affirmed the dismissal of the action.

In *In re Fricker,* 116 B.R. 431 (Bkrtcy. E.D.Pa.1990), debtors similarly failed to timely comply with court orders. The debtors were "warned ... that a failure to obtain confirmation of a plan ... might lead to dismissal of this case," yet "made virtually no effort to comply with the letter or spirit" of the court's orders. *Fricker,* 116 B.R. at 442. The court commented that:

> [w]e not only gave notice to the Debtors, but proceeded to display such an array of red flags to them that it could hardly have been clearer that the likely consequences of non-conformance of their Plan would be the dismissal of their bankruptcy case.

*Id.* The court explained that "[t]he instant case presents the rare instance where this extraordinary power of this court must be exercised if the sanctity of our orders and the requirements of the Bankruptcy Code are to merit respect." *Id.* The court found that the debtors' "unreasonable delay" was "unfairly prejudicial to creditors." *Id.* Consequently, the court dismissed the debtors' case.

Here, as in both *Finstrom* and *Fricker,* Jablonski had clear notice of his obligations. *See* Memorandum of Chapter 13 Confirmation of Plan Hearing dated February 13, 1996 (explicitly requiring Jablonski to file tax returns for the years 1987 through 1994 by March 5, 1996). Further, as in both *Finstrom* and *Fricker,* the bankruptcy court warned Jablonski of the potential ramifications of the failure to timely file:

> D[ebtor] to file the returns as indicated above. If the tax returns are not filed [with] this [court with] proof that [original] returns [were] sent to IRS [and a] copy served on [the Trustee] by 3/5, then on 3/6 this case will be [dismissed with prejudice].

*Id.* Again, as in *Finstrom,* Jablonski was given an extension of time until April 15, 1996 to file the returns. *See* Order of Court dated March 8, 1996. Finally, when the bankruptcy court gave Jablonski the opportunity to explain his failure to timely file appropriate returns, Jablonski merely quipped "I would like to have the IRS tell me what statute makes me liable to file a tax return." *See* Transcript, p. 4, lines 13–14.

Jablonski thus failed to abide by clear court orders. Further, he showed no indication that his failure was anything other than a calculated plan to delay the proceedings. I therefore agree with the *Finstrom* court that, "[i]n the face of non-compliance and stalling, the bankruptcy court was entitled to use its discretion in extinguishing a case which—at that time—showed no progression." *Finstrom,* 101 B.R. at 999–1000. Accordingly, I affirm the Order of the Bankruptcy Court dismissing Jablonski's case.