**In re AIRLIFT INTERNATIONAL, INC., Debtor.**

**Bankruptcy No. 81–00846–BKC–SMW.**

United States Bankruptcy Court,
S. D. Florida.

Feb. 18, 1982.

ORDER ON MOTION FOR APPROVAL OF REJECTION OF UNEXPIRED LEASES AND MOTION TO COMPEL COMPLIANCE WITH CONTRACTS

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER came to be heard before the Court on the Motion of James Daniel Brock and William D. Seidle ("Co-Trustees"), Co-Trustees of the estate of Airlift International, Inc., for approval of their rejection of certain unexpired leases of the Debtor and upon the Debtor's emergency motion to compel consummation and compliance with contracts of the Debtor.

The Co-Trustees sought approval of their decision to reject certain unexpired aircraft and aircraft engine lease agreements between the Debtor as lessee and the FBA Corp. as lessor. The Court will reserve ruling on the motion for approval until the hearing on the Co-Trustees' motion to convert the case to Chapter 7, which will be heard on March 9, 1982 at 1:30 p. m.

▪ The Court also heard evidence on the Debtor's emergency motion to require the Co-Trustees to comply with certain contracts entered into by the Debtor. In its motion, the Debtor specifically requested the Court to require the Co-Trustees to show cause why certain contracts with the Military Airlift Command ("M.A.C.") should not be honored, and to direct the Co-Trustees to operate the business and to "conclude" such contracts. However, the Court will deny the Debtor's motion because the Court has neither the authority to compel the Co-Trustees to operate the Debtor's business nor to compel the Co-Trustees to comply with contracts previously entered into by the Debtor.

11 U.S.C. § 1108 provides:

Unless the court orders otherwise, the trustee *may* operate the debtor's business. (Emphasis added).

Congress' use of the permissive "may" clearly indicates that a trustee is not required to continue to conduct the business of the estate. *See* 5 *Collier on Bankruptcy* ¶ 1108.03 at 1108–4 (15th ed. 1981). Courts have recognized that the authorization given to a trustee to operate the debtor's business is not a command which must be enforced by a bankruptcy court. In *In re Curlew Valley Associates*, 14 B.R. 506 (Bkrtcy.D.Utah 1981), the court, in response to a debtor's argument that § 1108 requires the trustee to operate the debtor's business "as he found it", stated:

This argument, however, overlooks the permissive "may": the trustee may, but need not, run the business; if he has discretion to cease operations as a whole, he may modify them in part. 14 B.R. at 509.

The court also stated:

First, instead of allowing the court to determine, in the first instance, whether a business may or may not operate, Section 1108 establishes a presumption of operation. Second, this presumption is rebuttable, and the enterprise may be discontinued, not necessarily by the court, but by the trustee. 14 B.R. at 511 n.6.

▪ Thus, it is clear that § 1108 merely permits a trustee to operate the debtor's business if the trustee determines that such operation is in the best interests of the estate. By the same token, if the trustee determines that operation of the business is not in the best interests of the estate, he has absolute discretion to discontinue operation of the business, and a bankruptcy court may not compel the trustee to resume operation of the business. Therefore, the Debtor's motion for an order compelling the Co-Trustees to continue operations of the Debtor's business will be denied because

such an order would be outside the Court's authority under the Bankruptcy Code.

Similarly, the Court has no authority to enter an order compelling the Co-Trustees to comply with the M.A.C. contracts. The broad authority to operate the business of the debtor which is given to a trustee by § 1108 indicates Congressional intent to limit court involvement in business decisions by a trustee. In this regard, § 1108 should be contrasted with the former Bankruptcy Act provisions authorizing conduct of the debtor's business. Rule 10–207, which superseded § 189 of the Act, provided that the court could authorize the trustee to conduct the debtor's business "on such conditions as may be in the best interest of the estate." Correspondingly, 11 U.S.C. § 1107(a) provides a debtor in possession with all the rights of a Chapter 11 Trustee subject "to such limitations or conditions as the court prescribes." However, no corresponding language which would provide the court with control over the trustee's conduct of the business is contained in § 1108.

The contrast between § 1108 and § 1107 illuminates the fact that the Code is explicit in those instances where it requires the court to become involved with the trustee's administration of the estate. *See, e.g.*, 11 U.S.C. § 365(a). Therefore, § 1108 does not provide a court with authority to require a trustee to make particular decisions relating to the conduct of the debtor's business. Similarly, a court may not interfere with a reasonable business decision made in good faith by a trustee.

The court's analysis in *In re Curlew Valley Associates*, 14 B.R. 506 (D.Utah 1981), supports this interpretation of § 1108. The trustee, having determined that the debtor's prospects for rehabilitation were nil, decided to materially change the debtor's business operations. The debtor sought to enjoin the trustee from implementing the change in operations and also sought the trustee's removal. The Bankruptcy Court declined to enjoin or remove the trustee, reasoning that the trustee's decision was made in a good faith exercise of his business judgment and thus would not be overturned by the Court. 14 B.R. at 508.

The court observed that various policy considerations militate against an interpretation of § 1108 which would allow court interference with a trustee's business decision relating to the operation of a debtor's business. We agree with these policy considerations. First, if persons are allowed to bring before the bankruptcy court their objections to a trustee's business decisions, the resulting deluge of motions would slow the quick administration of a debtor's estate and would greatly increase the cost of administration. Second, judicial involvement in the details of the business operations would interfere with the private control of the administrative process which is an objective of reorganization under the Bankruptcy Code. Third, courts are not equipped with the resources and expertise necessary to render an adequate business decision. Fourth, the Court must take into consideration the Congressional desire to promote impartiality by liberating the Bankruptcy Courts from supervision over administrative functions which more properly rest with the trustee. As the court stated in *Curlew*:

> [A] major goal of the bankruptcy reform movement was to divorce the court from ministerial duties and to confine it to adjudicative functions. The quintessential predicate for administering justice is a neutral arbiter. A court which appoints a trustee and confers with him regularly and ex parte for the purpose of managing a business may find it difficult to rule impartially if those decisions in which it has participated are challenged. Impartiality is not decisionmaking from a private to a public forum. 14 B.R. at 511–12 (footnote omitted).

The *Curlew* court concluded that a trustee's business judgment relating to the conduct of the debtor's business will not be overturned where it is made in "good faith, upon a reasonable basis," which was defined as follows:

> [S]o long as the trustee can articulate reasons for his conduct (as distinct from a

decision made arbitrarily or capriciously), the court will not inquire into the basis for those reasons. 14 B.R. at 513 n. 11a.

At the hearing on the motions, the Co-Trustees articulated reasons for their business determination relating to the M.A.C. contracts. Although the Debtor put on witnesses to testify to contrary reasons, that testimony does not establish that the Co-Trustees' business decision was not made in good faith and upon a reasonable basis. Accordingly, the Debtor's motion to compel the Co-Trustees to comply with contracts entered into by the Debtor must be denied.

If the Debtor possesses a legitimate complaint about the Co-Trustees' actions, the Bankruptcy Code provides it with various remedies. 11 U.S.C. § 1105 provides that upon request of a party in interest, the court may terminate the trustee's appointment and restore the debtor to possession of the estate. Similarly, 11 U.S.C. § 324 provides that a trustee may be removed "for cause." *See also* 11 U.S.C. § 1104(c), which provides for the appointment of another trustee where the trustee initially appointed dies, resigns or is removed. Similarly, persons are empowered to sue trustees pursuant to 28 U.S.C. § 959(a).

The Court is empowered to deal with complaints about the Co-Trustees pursuant to these provisions. However, the Debtor did not request that the Co-Trustees be removed, nor did it allege any misfeasance or malfeasance of duties which would constitute grounds for removal. Therefore, the Court has not been presented with any reason to terminate or otherwise interfere with the Co-Trustees' administration of the Debtor's estate.

Accordingly, it is

ORDERED as follows:

1. Ruling on the Co-Trustees' Motion for Approval of Rejection of Aircraft and Engine Lease Agreements is reserved until March 9, 1982, at 1:30 p. m.; and

2. The Debtor's Motion to Require Compliance and Consummation of Contracts of the Debtor is denied.