In re LYON & REBOLI, INC., Debtor.

In re LYON & REBOLI ASPHALT CORP., Debtor.

Bankruptcy Nos. 882–81154–18, 882–81872–18.

United States Bankruptcy Court, E.D. New York.

Oct. 29, 1982.

·Goldman, Horowitz & Cherno, Garden City, N.Y., for Creditors Committee.

Louis H. Rosenberg, New York City, for debtor.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

The creditors committee has moved by order to show cause to have the court reduce the salaries of the officers of the above-captioned debtors-in-possession. Two issues are posited for resolution: (1) Whether this court has the requisite authority to alter the salaries of the officers of a Chapter 11 debtor-in-possession for cause shown;

and (2) If the court has such authority, whether salary reductions are warranted under the facts of the present case.

FACTUAL CONTEXT

On May 3, 1982, Lyon and Reboli, Inc. (hereinafter "LRI"), a paving and construction company, filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On July 22, 1982, Lyon and Reboli Asphalt Corp. (hereinafter "LRAC"), a related entity which operates an asphalt plant, also filed a voluntary petition under Chapter 11. Both companies have acted as debtors-in-possession since the filing of their respective bankruptcy petitions.

As a result of losses sustained in recent months by LRI and cash flow problems encountered by LRAC, the debtors have been constrained to curtail their respective operations by rejecting numerous contracts. An unspecified number of employees have lost their jobs.

The officers of the debtor corporations are identical. William Lyon is President, and in such capacity draws a weekly salary of $998 from LRI and $649.20 from LRAC, for an annual total of $85,865.40. Philip Coward is Vice President, and earns a weekly salary of $549 from LRI and $868 from LRAC, for an annual total of $73,684. Peter Hough is Secretary/Treasurer, and receives a weekly salary of $549 from LRI and $250 from LRAC, for an annual total of $41,548.

The creditors committee moved by order to show cause dated August 10, 1982, for joint administration of the respective Chapter 11 cases and for a reduction in the compensation paid to the officers of the debtors.

A hearing on the order to show cause was held on August 19, 1982. At that time, the court granted the motion for joint administration and reserved decision on the issue of the reduction of the salaries.

I. THE COURT MAY IN APPROPRIATE CIRCUMSTANCES ALTER THE SALARIES OF THE OFFICERS OF A DEBTOR-IN-POSSESSION

■ The creditors committee propounds a twofold argument in favor of the court's authority to reduce the salaries of the debtors' officers. First, it is submitted that the officers are "professional persons" within the meaning of 11 U.S.C. § 327, and therefore fall within the statutory compensation provisions of 11 U.S.C. § 330. This contention is without merit since the cited sections govern only those professionals who "play a central role in the *administration of the debtor proceeding.*" *In re Seatrain Lines, Inc.,* 13 B.R. 980, 981, 4 C.B.C.2d 1558, 1560, 8 B.C.D. 192, 193 (Bkrtcy.S.D.N.Y.1981) (emphasis added). By way of example, § 327 lists "attorneys, accountants, appraisers [and] auctioneers" as persons who assist or represent the trustee or debtor-in-possession in executing its administrative duties. Officers of a debtor-in-possession are not within the genre of professional persons contemplated by § 330, and would not generally need prior court approval under § 327 to continue in the employ of the debtor. *In re Seatrain Lines, Inc., supra; cf. In re Schatz Federal Bearings Company, Inc.,* 17 B.R. 780, 6 C.B.C.2d 66, 8 B.C.D. 912 (Bkrtcy.S.D.N.Y.1982) (applicants performing "ongoing additional administrative services beyond the scope of traditional directors' duties are within the contemplation of Code § 327(a)"). In applying the rule of statutory construction known as *ejusdem generis,* the court finds that the salaries of the officers in question are not governed by § 330 of the Code.

Second, it is argued that the court has inherent power to reduce the salaries under § 105(a) of the Bankruptcy Code. Section 105(a) provides that "[t]he bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

In the case of *Coram Graphic Arts,* this court found from the legislative history that § 105(a) was "intended to '... cover *any powers traditionally exercised* by a bankruptcy court that are not encompassed by the All Writs Statute.'" H.R.Rep. 95–595, 95th Congr., 1st Sess. at p. 317 (1977)

[U.S.Code Cong. & Admin.News 1978, p. 5787]." 11 B.R. 641, 644, 4 C.B.C.2d 991, 994, 7 B.C.D. 1014, 1015 (Bkrtcy.E.D.N.Y. 1981). It was held therein that "[w]hether or not the Court should exercise its inherent power must be determined on a case by case basis with due weight given to the specific facts and equities of the case." *Id.* 11 B.R. at 644–45, 4 C.B.C.2d at 994–95, 7 B.C.D. at 1016.

Under § 191 of the former Bankruptcy Act, the court was expressly authorized to review the rates of compensation of the officers of a debtor. Section 191 provided in pertinent part that "[a] trustee or debtor in possession may employ officers of the debtor *at rates of compensation to be approved by the court.*" 11 U.S.C. § 591 (1976) (emphasis added), *repealed,* Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, tit. IV, § 401(a), 92 Stat. 2549. The Supreme Court held that § 191 vested bankruptcy courts with "authority to pass in advance upon the qualifications and the salary of an officer of the Debtor before he assumes or continues in office." *Wolf v. Weinstein,* 372 U.S. 633, 83 S.Ct. 969, 10 L.Ed.2d 33 (1963).

In discussing § 191, Colliers states as follows:

> [T]he court is given supervision over the amount of compensation so that the retention of the debtor's officers will be based on their actual worth and not on their desire to perpetuate their tenure or control at the expense of the debtor's creditors and stockholders. Whenever either a trustee or a debtor continued in possession seeks to employ such an officer, specific court approval must be obtained.

6 Collier on Bankruptcy 1430 (14th ed. 1978).

The Bankruptcy Code contains none of the express language relating to officers' salaries found in the former Act. Moreover, the legislative history of the Code offers little guidance as to the reason the said language was deleted.

In drafting the Code, Congress made a conscious effort to separate bankruptcy courts from the day-to-day operations of Chapter 11 debtors. *In re Curlew Valley Associates,* 14 B.R. 506, 5 C.B.C.2d 255, 8 B.C.D. 495 (Bkrtcy.D.Utah 1981). A primary reason cited for insulating the judges is to safeguard judicial impartiality. *Id.* 14 B.R. at 511–13, 5 C.B.C.2d at 261–63, 8 B.C.D. at 499–500. Among the other policy grounds delineated by Judge Ralph R. Mabey in *Curlew Valley Associates* for erecting a "wall of separation" is the following:

> [D]isagreements over business policy are not amenable to judicial resolution. The courtroom is not a boardroom. The judge is not a business consultant. While a court may pass upon the legal effect of a business decision, (for example, whether it violates the antitrust laws), this involves a process and the application of criteria fundamentally different from those which produce the decision in the first instance.

*Id.* 14 B.R. at 511, 5 C.B.C.2d at 261, 8 B.C.D. at 498–99.

██ The court finds that the above-cited goals would not be served in this case if the court were to abstain from reviewing the salary structure of the debtors-in-possession. At issue is not the wisdom or efficacy of a business decision, but the propriety of insiders bestowing upon themselves compensation which may be excessive and detrimental to the creditors. The corporations in question are closely held, and the actions of the officers are subject to little, if any, internal review. Prior to the confirmation of a negotiated plan which might fix the compensation of the officers, the court has an obligation, when application is made by a party in interest, to pass upon the propriety of the salaries of insiders where there is the potential for, and the prima facie appearance of, abuse.

An approach of detached judicial supervision over the actions of insiders of a debtor-in-possession is entirely consistent with the express provisions of the Bankruptcy Code. Section 1107(a) grants to a debtor-in-possession the powers of a trustee, *"subject to . . . such limitations or conditions as the court prescribes."* 11 U.S.C. § 1107(a) (emphasis

added). The absence of similar qualifying language in § 1108 "suggests a desire to monitor debtors in possession but to allow fuller rein for trustees in the management of the estate." *In re Curlew Valley Associates, supra* 14 B.R. at 510, 5 C.B.C.2d at 259, 8 B.C.D. at 497; *accord In re Airlift Int'l, Inc.,* 18 B.R. 787, 8 B.C.D. 1196 (Bkrtcy.S.D. Fla.1982); 5 Collier on Bankruptcy ¶ 1108.-03 (15th ed. 1981).

Although it would be unwise for the courts to become overly involved in regulating the payrolls of Chapter 11 debtors, they must remain free to protect the rights of interested parties where exigent circumstances are present. In such a situation the court may properly invoke its inherent authority under § 105(a) of the Bankruptcy Code.

## II. THE CIRCUMSTANCES OF THE PRESENT CASE ARE SUFFICIENTLY COMPELLING TO WARRANT A HEARING

The hearing held on August 19, 1982, was not on notice to the individual officers of the debtors. Moreover, no formal evidence was presented.

At the present time, therefore, no determination can be made as to whether the salaries in question are unreasonable in light of the services rendered to the respective debtors. However, in view of the magnitude of the salaries being paid to the officers of these closely-held corporations, and the current financial condition of the debtors, there are sufficient grounds to require an evidentiary hearing.

Leave is granted the creditors committee to schedule an evidentiary hearing upon due notice to all interested parties.