### In re HOOPER, GOODE REALTY, Debtor.

#### Bankruptcy No. 84–05096–Pllx.

United States Bankruptcy Court, S.D. California.

May 6, 1986.

Dean T. Kirby, Jr., Stephenson & Prairie, San Diego, Cal., for debtor.

John W. Cutchin, Duckor & Spradling, San Diego, Cal., for objecting creditor (Schieber).

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

### I.

### INTRODUCTION

At issue in this matter is whether Hooper, Goode Realty, a California corporation, and the debtor herein ("debtor" or "HGR"), is required to employ its two officers, C. Cortland Hooper ("Hooper") and Carole H. Goode ("Goode") *nunc pro tunc* from November 26, 1984 to March 4, 1986, and if so, whether such relief will be granted.

### II.

### SUMMARY OF FACTS

The debtor herein is primarily engaged as a real estate brokerage firm. C. Cortland Hooper is the Vice President of HGR and his wife, Carole H. Goode, is the President.

On November 26, 1984, the debtor filed its Voluntary Petition for Relief under Chapter 11, Title 11 of the United States Code.[1] Thereafter, on or about October 17, 1985, the debtor filed and served on all creditors its Notice of Motion to Pay Salaries or Take Draws from Debtor's Business. The Motion requested authority to pay a combined salary to the officers of HGR (Hooper and Goode) of $5,000 per month.

Only one creditor, Mary Ann Schieber ("Schieber"), opposed the debtor's Motion to Pay Salaries. Schieber is a creditor of the debtor by virtue of four promissory notes, three of which reflect that Schieber is a secured creditor, secured by debtor's interest in the Old Town Financial Center, located at 2121 San Diego Avenue, San Diego, California.[2] Schieber opposed the Motion on the following grounds, among others:

(i) that the proposed salaries are not necessary or reasonable in amount;

(ii) there are insufficient funds available to pay salaries; and,

(iii) approval of salaries should not be made *nunc pro tunc* as of the commencement of the case.

A hearing on Schieber's objection to debtor's intent to pay salaries was conducted on January 10, 1986. At Schieber's request, the hearing on the Motion was continued to March 6, 1986 to enable Schieber and HGR to conduct additional discovery and file additional points and authorities.

During the interim, a resolution of many issues was reached whereby Schieber agreed to withdraw her objection if the request to pay salaries was reduced to a combined salary of $2,500 per month. Additionally, the parties further agreed that no salary will be actually paid except upon later application and upon notice to all creditors, which application may be examined by the court under the same standards as those set forth in 11 U.S.C. §§ 328 and 330 of the Bankruptcy Code, which sections govern compensation of professional persons. A stipulation between the debtor and creditor, Mary Ann Schieber, was entered into on March 4, 1986 and approved by this court on March 21, 1986. Pursuant to the terms of the stipulation the creditor will not oppose debtor's request to employ Hooper and Goode as of the date of the entry of the Order Authorizing Employ-

---

1. C. Cortland Hooper and Carole H. Goode filed an individual Chapter 11 bankruptcy petition on or about May 1, 1985.

2. Mary Ann Schieber is also a creditor in the individual Chapter 11 bankruptcy petition filed by Hooper and Goode on or about May 1, 1985,

since two of the above-described promissory notes were executed by Hooper in his individual capacity. Additionally, Schieber has filed a complaint to determine dischargeability in that bankruptcy proceeding.

ment.[3] Monthly compensation was set at $2,500, subject to notice and a hearing prior to the actual award of any compensation. The debtor was authorized to employ C. Cortland Hooper and Carole H. Goode at a combined salary of $2,500 per month from and after March 4, 1986 (the date of the stipulation).

The only issue left unresolved, and the issue taken under submission by this court, is whether the employment of Hooper and Goode is required to be authorized nunc pro tunc as of the commencement of this case, and if so, whether such relief will be granted.

## III.

## DISCUSSION

Schieber asserts that the future fee application contemplated by the stipulation should not include compensation for services performed prior to the entry of the court's Order on this Motion. Schieber contends that if the court were to authorize such a request, this court would be authorizing an administrative expense of approximately $37,500 (15 months × $2500). Moreover, Schieber contends that a review of the Operating Reports filed in this matter reveal that the debtor is not realizing any net income and such an award is wholly inappropriate. In support of her position, Schieber relies upon the recent decision of *In re Mahoney, Trocki & Associates*, 54 B.R. 823 (Bankr.S.D.Cal.1985).

■ Schieber argues that *In re Mahoney* applies to all applications for issuance

of *nunc pro tunc* orders approving employment and compensation, including officers of a debtor corporation, and is not limited to attorneys, accountants and other professionals as itemized under 11 U.S.C. § 327. Further, Schieber contends that the debtor has provided no clear and convincing evidence in support of its application for *nunc pro tunc* compensation as required by *In re Mahoney*. Additionally, Schieber contends that there is no evidence that the work performed thus far has been performed properly and efficiently and that, therefore, debtor's request should be denied for a *nunc pro tunc* order.[4]

The court in *In re Mahoney* was concerned solely with applications for issuance of *nunc pro tunc* orders approving employment of professional persons under 11 U.S.C. § 327. Specifically, Judge Louise DeCarl Malugen, ruled in *In re Mahoney* ruled that all applications for issuance of *nunc pro tunc* orders approving employment must demonstrate by clear and convincing evidence:

"1. That there was an express employment agreement between the debtor, the trustee or Creditors Committee and the professional person who performed the services;

2. That notice of the application for entry of a nunc pro tunc order and opportunity for objection has been provided under Bankruptcy Rule 2002;

3. That the professional presently meets, and at all times during the period for which approval of employment is

---

3. The Order re Employment of Officers was entered March 21, 1986.

4. Schieber points out, however, that Hooper and Goode are not without the ability to seek compensation for their efforts during the period between the filing of the bankruptcy petition and the entry of the stipulation. A professional, not having been previously appointed by the court, may be compensated out of the estate, but only to the extent his services actually benefited the administration of the estate. *In re Coastal Equities, Inc.*, 39 B.R. 304 (Bankr.S.D. Cal.1984). The court in *In re Coastal Equities* held that the distinction between a court appointed attorney (professional) and a noncourt

appointed attorney (professional) "... manifests itself in the types of services for which compensation may be made. Provided there was disinterested loyalty, considering the success of their efforts, in weighing the factors of § 330, court appointed attorneys are entitled to compensation whether or not any benefits were in fact conferred on the estate. An attorney for debtor, not having been previously approved by the court, may only be compensated out of the estate to the extent his services actually benefited the administration of the estate." [Citations Omitted].

*In re Coastal Equities, supra* at 310.

sought, has met the standards of 11 U.S.C. § 327;

4. That the professional has made the threshold showing justifying his/her employment as required by Bankruptcy Rule 2014;

5. That the applicant exhibits no pattern of an in attention or negligence in soliciting prior judicial approval of his/her employment in cases before this court;

6. That the applicant's failure to seek pre-employment approval is satisfactorily explained;

7. That neither the estate nor any other party in interest will be actually or potentially prejudiced by entry of the *nunc pro tunc* order; and

8. That the work performed prior to the nunc pro tunc application has been of high quality and performed properly and efficiently (although such determination will have no presumptive effect on the amount of compensation actually awarded when approval of compensation is sought under 11 U.S.C. § 330)."

*In re Mahoney, Trocki & Associates*, 54 B.R. at 826.

The debtor herein contends that *In re Mahoney* is "in apposite" and does not apply to a case involving compensation of persons other than those employed pursuant to 11 U.S.C. § 327 and Bankruptcy Rule 2016. The debtor contends that neither the Code nor the Rules expressly regulate the payment of salaries to employees of a Chapter 11 debtor in possession. Citing *In re Lyon and Reboli, Inc.*, 24 B.R. 152 (Bankr.E.D.N.Y.1982) the debtor further contends that 11 U.S.C. § 1107(a) suggests that salaries to employees to a Chapter 11 debtor-in-possession may be paid in the ordinary course of business without order of the court.

Additionally, the debtor contends that since payment of salaries to insiders is restricted by Bankruptcy Local Rule 4002–3, this is further evidence that officers of a corporate debtor in possession need not apply to this court for employment. The debtor contends that Local Rule 4002–3 addresses *compensation* of the debtor not employment. Local Rule 4002–3(a) states:

"(a) *Compensation.* No compensation or other remuneration shall be paid to the debtor unless approved by the court.... As used in this Rule, debtor includes debtor in possession, or ... if the debtor is a corporation, any officer, director or stockholder of the corporation."

The debtor further contends that if counsel for the debtor has misinterpreted what seems to be the clear language of Local Rule 4002–3, then the ambiguity of the Rule ought to be at least a sufficient excuse "(since *Mahoney* requires an excuse)" for delaying to file its Motion during a period when the salaries could not have been paid in any case.

 Clearly, this court is vested with the authority to review the propriety of salaries paid to the debtor in possession's officers under 11 U.S.C. § 105 and 11 U.S.C. § 1107(a). *In re Lyon and Reboli, Inc.*, 24 B.R. 152, 154–155 (Bankr.E.D.N.Y.1982).

Since the decision in *In re Lyon and Reboli*, several courts have struggled with the appropriate statutory authorization which confers authority upon the bankruptcy courts to rule on the employment of debtor's officers and to fix their compensation. While the reported cases are in agreement that the bankruptcy court does have the authority to rule thereon, this authority has been found in varying sections of the Bankruptcy Code.

In *In re Zerodec Mega Corporation*, 39 B.R. 932 (Bankr.E.D.Penn.1984) the court discusses the history of those reported cases finding authority to rule on the employment of the debtor's officers and to fix their compensation. The *Zerodec* court agreed with *In re Lyon and Reboli, supra,* in finding that the court could review the appointment of officers and their salaries under 11 U.S.C. § 105(a). However, the *Zerodec* court disagreed with *In re Lyon and Reboli*, which found that 11 U.S.C. § 327(a) did not apply to a debtor's officers since the alleged profession did not com-

port with the other list of professions found in that section, under the rule of statutory construction of *ejusdem generis.* In another case, *In re Schatz Federal Bearings Co., Inc.,* 17 B.R. 780 (Bankr.S.D. N.Y.1982), the New York court held that 11 U.S.C. § 327(a) did govern the employment of the debtor's officers. See also *In re Seatrain Lines, Inc.,* 13 B.R. 980 (Bankr.S. D.N.Y.1981). *Zerodec, supra,* at 934.

The *Zerodec* court found that the position of *In re Schatz* was further supported by a statement in *Collier* which discussed § 1107(b) in the following terms:

"Section 1107(b) states that, notwithstanding § [327(a)], a person is not disqualified from employment under § [327] by a debtor in possession solely because of his employment by or representation of the debtor prior to the commencement of the case.... But for this exception, § 1107(a) would subject the debtor in possession to the strict limitations contained in § 327(a). Thus, the debtor, as debtor in possession, would be barred from retaining as "professional persons" the services of its directors, officers, employees or investment banker. 5 *Collier on Bankruptcy,* § 1107.03, pp. 1107–7 to 1107–8 (15th ed. 1983)".

*In re Zerodec Mega Corp., supra,* at 934.

Thus, the *Zerodec* court held that the clear implication of *In re Schatz Federal Bearings, supra,* and the discussion in *Collier* is that, excluding the bar on disinterestedness, in Chapter 11 cases the employment of officers by the debtor in possession is governed by § 327(a).

This court finds, as the *Zerodec* court found, that the employment of the debtor's officers is subject to court scrutiny and is governed by 11 U.S.C. § 327 and § 328. Having so found the applicability of 11 U.S.C. §§ 327 and 328 to officers of a corporation, this court further finds that the decision of *In re Mahoney, Trocki & Associates, Inc., supra,* governs the framework and enunciated the requirements for *nunc pro tunc* applications for employment and compensation for officers of a debtor corporation.

Since the Stipulation and Order thereon previously entered in this matter provide that no salary shall actually be paid to Hooper and Goode except upon further application upon notice to all creditors and that such application shall be governed by the standards for review of compensation set forth at 11 U.S.C. §§ 328 and 330, this court shall not award *nunc pro tunc* compensation at this time. Rather, the debtor shall comply with the standards of enunciated in *Mahoney when applying to this court for compensation for the period from November 26, 1984 to March 4, 1986.*

■ In applying the standards enunciated in *In re Mahoney, Trocki & Associates,* this court finds that:

1. There was an express employment agreement between the debtor and the officers of the debtors;

2. While the debtor's notice of motion to pay salaries or take draws from debtor's business was not properly a notice of the application for entry of a *nunc pro tunc* order, the opportunity for objection has been provided as required by Bankruptcy Rule 2002. All creditors were served with the debtor's Notice of Motion to Pay Salaries. The only objecting creditor, Mary Ann Schieber, was fully noticed and provided with the opportunity to contest Hooper and Goode's *nunc pro tunc* application (which is the basis of this opinion);

3. Hooper and Goode are not disqualified from employment under 11 U.S.C. § 327 solely because they are not disinterested persons as described in 11 U.S.C. § 101(13). *In re Zerodec Mega Corp, supra,* 39 B.R. at 934, 935. 5 *Collier on Bankruptcy* § 1107.03 pp. 1107–7 to 1107–8 (15th ed. 1983).

4. The debtor has made the threshold showing justifying Hooper and Goode's employment as required by Bankruptcy Rule 2014. The Declaration of C. Cortland Hooper re Notice of Motion to Pay Salaries, filed October 17, 1985, specifies, in detail, the necessity for the employment, the name of the persons so employed, the reasons for their employment, and professional servic-

es to be rendered. The Notice of Motion to Pay Salaries and attendant pleadings sufficiently describes the arrangement for compensation. Goode, the President of HGR, is primarily responsible for keeping the books and records of HGR as well as the other entities for which HGR has acted as general partner or agent. Goode spends approximately 25% of her working time, an approximate average of 10 hours per week, performing book and record keeping and other services for the benefit of the debtor.

Hooper declares that he spends approximately 75% of his working time, an approximate average of 30 hours per week, in managing the affairs of the debtor. Such activities include management of the debtor's rental property, acting as agent for investors, acting as partner and general partner for various financial partnerships, and general management regarding the debtor's business center and preparing all accounting reports, acquisition of valuation and other documents;

5. There is no apparent pattern of inattention or negligence in soliciting prior judicial approval of employment.

6. The applicant's failure to seek pre-employment approval is satisfactorily explained inasmuch as Local Rule 4001–3 and case law established heretofore do not require court approval for employment of officers of a corporate debtor in possession. Moreover, the bankruptcy cases decided regarding the compensation of officers of the debtor corporation are in disagreement regarding the statutory authority governing compensation of officers of a debtor corporation.

7. It is clear that neither the estate nor any other party in interest will be actually or potentially prejudiced by the entry of this *nunc pro tunc* order. The stipulation and order thereon provide that "[n]o salary shall actually be paid to Hooper and Goode except upon further application upon notice to all creditors. Such application shall be governed by the standards for review of compensation set forth in 11 U.S.C. §§ 328 and 330 ..." Therefore, while Hooper and Goode may be approved as to their employ-

ment *nunc pro tunc*, no compensation shall be paid "except upon further application upon notice to all creditors.";

8. Should it be determined that the work performed during the period of employment *nunc pro tunc* has not been of high quality and performed properly and efficiently, the creditors may object to the *nunc pro tunc* award of compensation on this basis, as would be done in any application for compensation of professional persons as well as items 7 and 8 described in *In re Mahoney.*

## IV.

## CONCLUSION

1. This court finds that the *nunc pro tunc* employment and compensation of officers of the debtor corporation shall be governed in accordance with 11 U.S.C. §§ 327 and 328 and *In re Mahoney, Trocki and Associates, Inc., supra.* This court is in agreement with and follows the ruling of *In re Zerodec Mega Corp., supra.*

2. The employment of Hooper and Goode is approved *nunc pro tunc* for the period from, and including, November 26, 1984 to March 4, 1986.

3. No salary for the period between November 26, 1984 and March 4, 1986 shall actually be paid to Hooper and Goode except upon further application in accordance with previous Order of this court entered March 21, 1986.

This Memorandum Decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for the debtor-in-possession shall prepare an order in accordance with this Memorandum Decision no later than 10 days of entry hereof.