**In the Matter of ALL SEASONS INDUSTRIES, INC., Debtor.**

**Bankruptcy No. 89–11657.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Nov. 5, 1990.

---

Daniel J. Skekloff, David C. Peebles, J. Frank Kimbrough, Fort Wayne, Ind., for debtor.

Edmund Kos, Fort Wayne, Ind., for Summit Bank.

Jeffry G. Price, Peru, Ind., for Peru Trust Co.

James Grund, Peru, Ind., for The Bd. of Com'rs of the County of Miami, the Miami County Economic Development Corp.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This matter is before the court on debtor's application for approval of compensation to insiders and the objections thereto. Debtor seeks to continue compensating certain insiders at the same rate of pay and upon the same terms and conditions as those individuals were being compensated prior to the date of the petition. The application has the support of the unsecured creditors committee.

When the application was noticed to all creditors, four creditors objected. They were the Peru Trust Company, The Board of Commissioners of the County of Miami, the Miami County Economic Development Corporation, and Summit Bank. The objections called into question, among other things, the reasonableness of the proposed compensation. The issues raised by the application and objections were scheduled for a one-day trial.

Apparently Summit Bank carried the laboring oar where the objections were concerned. Shortly prior to the scheduled trial, however, it reached an accommodation with the debtor concerning the terms of a proposed Chapter 11 plan. As a result, it withdrew its objections to the application upon the day of trial. This left only the objection filed by Peru Trust Company and the two objections from Miami County to be resolved. Because these creditors had expected Summit Bank to bear the greatest burden in opposing debtor's application, they had not prepared evidence in opposition to debtor's request. Since the debtor had resolved the issues with the primary objector, Summit Bank, it appeared without witnesses or exhibits to offer evidence in support of the application.

At trial the remaining objectors acknowledged that they did not controvert the facts alleged in debtor's application, to the extent those facts involved the terms upon which the debtor's insiders had been compensated prior to the case or the duties those individuals performed. The objectors also acknowledged that they had no specific evidence to present to the effect that the compensation requested, which is upon the same terms and conditions as was being paid prior to the petition, was unreasonable. By agreement of the parties, the issues raised were submitted based upon the information contained in the application, the objections thereto and the debtor's monthly operating reports. Counsel for those concerned were then given an opportunity to file legal briefs and memoranda after which the issues were taken under advisement.

The objectors contend that the debtor bears the burden of proving that the package under which its insiders are compensated is reasonable. While they do not dispute the fact that the compensation package in question is the same one that was in effect for these individuals prior to the date of the petition, they argue that there is no independent evidence that this package is reasonable. Accordingly, they contend that debtor has failed to carry its burden of proof and that the application should be denied.

Not surprisingly, debtor views the situation from exactly the opposite perspective. It, along with the creditors committee, contends that the objectors bear the burden of proving that the requested compensation is unreasonable. Since the objectors have presented no evidence on this point, debtor and the creditors committee argue that the objections should be overruled and the proposed compensation approved.

Given the arguments of the parties, the court is essentially placed in the position of determining who has the burden of proof concerning the reasonableness or propriety of an insider's post-petition compensation, where the Chapter 11 debtor-in-possession proposes to continue employing this individual upon the same terms and conditions as existed prior to the commencement of the case.

The objectors base their argument upon §§ 327(a) and 330 of the Bankruptcy Code. In doing so, they point to § 327(a) which requires the bankruptcy court to specifically approve the employment of professionals who will render services to the trustee or the debtor-in-possession. They then note that § 330(a) requires such a professional to apply for "reasonable compensation" after notice to creditors and parties in interest. Working from this foundation, they argue that the court has not approved the employment of debtor's insider management and, as a result, they are not entitled to compensation. Furthermore, they also argue that § 330 limits the court to allowing only reasonable compensation for the professionals employed pursuant to § 327 and that, under this section, the applicant

bears the burden of proving that the requested compensation is reasonable.

The court has no argument with the objectors' proposition that debtor's insiders are entitled to nothing more than reasonable compensation. As emphasized above, however, the issue before the court concerns who bears the burden of proving what such reasonable compensation might be.

■ To the extent that objectors premise their argument upon § 327(a) of the Bankruptcy Code, the court rejects it entirely. *See In re Lyon & Reboli, Inc.*, 24 B.R. 152, 153 (Bankr.E.D.N.Y.1982). Section 327(a) has no applicability to the post-petition employment of existing management for a debtor-in-possession. This should be apparent from the plain language of the statute when it requires the professionals being employed to be "disinterested." As defined by § 101(13), a disinterested person cannot be an insider. *See also In re Century Investment Fund VII Ltd. Partnership*, 96 B.R. 884, 892 (Bankr.E.D.Wis. 1989). Where the debtor is a corporation, the definition of an insider extends to include the debtor's officers, directors and their relatives. 11 U.S.C. § 101(30)(B).

Given the Bankruptcy Code's definition of "disinterested," § 327(a) cannot apply to the post-petition employment of a debtor-in-possession's pre-petition management. If it did, every debtor under Chapter 11 would automatically be precluded from continuing to employ its existing management. Every petition for relief under Chapter 11 would be associated with the wholesale removal of all officers and directors of a debtor corporation and their replacement by individuals who had no prior connection with the debtor's operations. This cannot be the scenario that Congress contemplated when it authorized a Chapter 11 debtor to remain in possession of its business and to continue operations post-petition. *See* 11 U.S.C. §§ 1107 and 1108.

> Employees do not need court permission to be paid and are usually paid as part of the ongoing operation of the business ... It is only those who deal with the actual reorganization of the debtor (rather than the ongoing business of the debtor) who are required to be employed under § 327 ... *In re Pacific Forest Industries, Inc.*, 95 B.R. 740, 743 (Bankr.C.D.Cal.1989). *See also Matter of D'Lites of America, Inc.*, 108 B.R. 352, 355 (Bankr.N.D.Ga. 1989).

Section 327(a) is limited in its application to "professional persons" such as attorneys, accountants, and the like identified therein. *Matter of Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bankr.S.D.N.Y.1981). Persons operating in this capacity are not the employees of a debtor. They are, instead, individuals who are retained, either generally or as circumstances dictate, to exercise their independent judgement in offering a debtor counsel and advice and are, in turn, compensated based upon the value of the services they provide. *See Century Investment*, 96 B.R. at 894.

Following the filing of a petition for relief under Chapter 11, a debtor is specifically authorized by the Bankruptcy Code to remain in possession of its assets and to continue operating its business. *See* 11 U.S.C. §§ 1107 and 1108. As such, the debtor-in-possession may continue to use, sell, or lease property of the bankruptcy estate in the ordinary course of business, without notice or hearing. 11 U.S.C. § 363(c).

■ The continued employment of existing management of a debtor-in-possession constitutes part of the operation of debtor's business and is within the ordinary course of business authorized by the Bankruptcy Code. Where post-petition operations are concerned, as long as it confines itself to operating within the ordinary course of business, a debtor-in-possession's actions are cloaked with an aura of propriety and, thus, the debtor is entitled to a presumption concerning the reasonableness of its decisions. *In re Johns–Manville Corp.*, 60 B.R. 612, 616 (Bankr.S.D.N.Y. 1986). *See also, In re Curlew Valley Associates*, 14 B.R. 506 (Bankr.D.Utah 1981). The presumption extends to all aspects of the debtor's ordinary, day-to-day operations. At least where the proposal is to continue compensating management upon

the same terms and conditions as existed prior to the case, the presumption also extends to include the compensation of management insiders.[1] This presumption is rebuttable, however, if "exigent circumstances are present" or "there is the potential for, and the prima facie appearance of, abuse." *Lyon & Reboli*, 24 B.R. at 154–155. *See also In re Zerodec Mega Corp.*, 39 B.R. 932, 935 (Bankr.E.D.Pa.1984) (terms of insider compensation fixed and improved on the eve of insolvency). Where such evidence is presented, the court should closely scrutinize the propriety of the insider's compensation. Viewed from this perspective, the initial burden rests with the objectors to produce evidence, beyond the fact of bankruptcy or financial troubles, which would tend to indicate that the compensation being received by management is not reasonable or is somehow improper.

■ Unlike the prior Bankruptcy Act, neither the Bankruptcy Code nor the Rules of Procedure require the court to approve the compensation of insiders. *Lyon & Reboli*, 24 B.R. at 154. Their compensation need only be disclosed. *See* 11 U.S.C. § 1129(a)(5)(B). *See also* Local Bankruptcy Rule B–220. Furthermore, the current Bankruptcy Code significantly restructured the nature of the bankruptcy court and bankruptcy administration. One of the major purposes for this restructuring was to remove the bankruptcy judge from the immediate supervision of the day-to-day aspects of the administration of an estate. *Lyon & Reboli*, 24 B.R. at 154 (citing Report of the Commission on the Bankruptcy Laws of the United States, H.Doc. No. 93–137, pt. I, at 92–93, 248–249 (1973)). *See also In re Yeisley*, 64 B.R. 360, 362 (Bankr. S.D.Tex.1986), *In re Zeus America Management Consultants, Inc.*, 27 B.R. 353, 354 (Bankr.N.D.Ohio 1983). The policy, which prevailed under the old Act, of directly involving the court in the adminis-

tration of an estate has been replaced by "[a]n approach of detached judicial supervision ..." *Lyon & Reboli*, 24 B.R. at 154. To establish a rule which requires the bankruptcy court to routinely pass upon and approve the compensation of management for a debtor-in-possession risks again injecting the bankruptcy court directly into the day-to-day supervision of a bankruptcy estate and its operations.

■ This court holds that a Chapter 11 debtor-in-possession is not required to obtain specific authority from the court to employ its pre-petition insider management following the petition for relief. Furthermore, a debtor-in-possession is not required to obtain court approval of the compensation for these management insiders, where these individuals will continue to be compensated upon the same terms and conditions as they were being compensated prior to the case. The continued employment and compensation of management constitutes a part of the ordinary course of the debtor's business operations, which it is entitled to continue without court approval. *Media Central*, 115 B.R. at 123; *In re Dola International Corp.*, 88 B.R. 950, 954–55 (Bankr.D.Minn.1988); *In re Lowry Graphics, Inc.*, 86 B.R. 74, 76 (Bankr.S.D. Tex.1988). Although the court may, upon request, review the reasonableness of the compensation being paid to a Chapter 11 debtor's insider management, the debtor-in-possession is entitled to a presumption that the pre-petition level of compensation is reasonable. Where insider compensation is being continued on the same terms and conditions as existed prior to the date of the petition, the party objecting to that compensation has the initial burden of presenting evidence that it is unreasonable or somehow improper. At a minimum it must introduce evidence of exigent circumstances or the prima facie appearance of abuse.[2] Once this is done, the debtor bears

---

1. In making this observation the court would hasten to add that an increase in compensation could not be effectuated without notice and opportunity for hearing. *See* 11 U.S.C. § 363(b)(1). *See also In re Media Central, Inc.*, 115 B.R. 119, 123 (Bankr.E.D.Tenn.1990).

2. Since there is no evidence in this case to the effect that the compensation for debtor's insider management is unreasonable or of exigent circumstances, the court does not need to consider the quantum of evidence which might be necessary to rebut or overcome the presumption of

the ultimate burden of proving that its insider compensation is reasonable.

The undisputed evidence before the court indicates that the compensation the debtor-in-possession proposes to pay its insider management is the same compensation package these individuals were receiving prior to the date of the petition. The objectors have not come forward with evidence to indicate that this compensation is unreasonable or even suspicious. Instead, it appears to be the essence of the objectors' position that since debtor's pre-petition creditors are not being paid at the present time management should not be paid either. This not a legally sufficient basis upon which to complain.

The objections to debtor's application to continue compensation should be overruled and that application approved. An order doing so will be entered.

reasonableness given to the pre-petition compensation.