In re Nicole Naomi GRASSO, Debtor.

No. 06–10136–JMD.

United States Bankruptcy Court,
D. New Hampshire.

May 16, 2006.

---

Brian F. McCaffrey, Esq., McCaffrey Professional Association, Exeter, NH, for Debtor.

Michael S. Askenaizer, Esq., Law Offices of Michael S. Askenaizer, Nashua, NH, Chapter 7 Trustee.

## *MEMORANDUM OPINION*

J. MICHAEL DEASY, Bankruptcy Judge.

## I. INTRODUCTION

Michael Askenaizer, the chapter 7 trustee (the "Trustee"), filed a motion to dismiss the case pursuant to 11 U.S.C. § 521(e)(2)(A)[1] or for an order determining that Nicole Grasso (the "Debtor") had complied with § 521(e)(2)(A) or was exempt from compliance under § 521(e)(2)(B) (Doc. No. 7) (the "Motion"). At the conclusion of the hearing on May 3, 2006, the Court denied the Motion (Doc. No. 10). This opinion sets forth the reasons for the denial of the Motion.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

[1]. In this opinion the terms "Bankruptcy Code" or "§" refer to title 11 of United States Code as amended by the Bankruptcy

## II. FACTS

The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on February 20, 2006. The meeting of the creditors pursuant to the provisions of § 341 (the "341 Meeting") was scheduled for March 20, 2006, and notice of the 341 Meeting was served on the Debtor, Debtor's counsel ("Counsel"), and the creditors on February 23, 2006. On March 17, 2006, three days before the 341 Meeting, Counsel submitted Debtor's tax returns to the Trustee via facsimile. The Trustee filed a motion to dismiss because the tax returns were not submitted at least seven days prior to the 341 Meeting, as § 521(e)(2)(A) requires.

At the hearing, Counsel stated that he failed to realize the tax returns were due, no later than seven days before the 341 Meeting, until the day he sent them to the Trustee and, hence, had not requested that the Debtor provide them to him until that day. He also stated that the Debtor promptly responded to his request by supplying him the returns the day he requested them from her. The Debtor and her attorney assert the Debtor should not be penalized by Counsel's failure to know all the deadlines set forth in BAPCPA because she did everything within her control to comply.

At the hearing, the Trustee indicated he was not harmed by the late filing and in fact had the required copies of the Debtor's tax returns prior to the 341 Meeting. Although he had all required information before the 341 Meeting, the Trustee believed under the language of § 521(e)(2)(A) he was obligated to seek dismissal of the case.

Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8 ("BAPCPA").

## III. DISCUSSION

BAPCPA added 521(e)(2) to title 11 and made its provisions applicable to all cases filed on or after October 17, 2005. Section 521(e)(2)(A) provides that "[t]he debtor *shall* provide ... not later than 7 days before the date set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law ... for the most recent tax year ...." Section 521(e)(2)(B) further provides that "[i]f the debtor fails to comply ..., the court *shall* dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor." (emphasis added). Based upon the apparent mandatory language in § 521(e)(2)(A) and (B), the Trustee contends that he has no discretion not to seek dismissal of a case when the deadline in § 521(e)(2)(A) is not complied with and that he has no authority to determine whether the exemption in § 521(e)(2)(B) applies in any particular case. Thus, the two issues before the Court are: (1) whether there were circumstances beyond the control of the Debtor that warrant a waiver of a dismissal in this case pursuant to § 521(e)(2)(B) and (2) whether chapter 7 trustees have the discretion not to file a motion to dismiss if tax returns are not timely delivered pursuant to § 521(e)(2)(A).

### A. Compliance with § 521(e)(2)(A)

The parties do not dispute that the tax returns were not timely submitted as required by § 521(e)(2)(A). The only mitigating circumstances submitted by the Debtor was the statement of her Counsel that the failure to timely comply was solely due to his failure to advise the Debtor of the requirement in a timely manner. It is undisputed that the required copies of the tax returns were submitted to the Trustee three days before the 341 Meeting. As a general rule, clients are bound by their counsel's actions or inactions. *Francis v. Eaton (In re Eaton)*, 327 B.R. 79, 83 (Bankr.D.N.H.2005) (citations omitted). However, § 521(e)(2)(B) allows a court to waive the § 521(e)(2)(A) deadline if the court finds the failure to comply is caused by "circumstances beyond the control of the debtor."

Ordinarily, the failure of a debtor to comply with the requirements of the Bankruptcy Code due to ignorance of the requirements of the law, whether on the part of the debtor or her counsel, is not sufficient to excuse the failure to meet the requirements of the law. However, on the facts of this case, and the provisions of the Bankruptcy Code, the Court finds that the Debtor's failure to comply with the requirements of § 521(e)(2)(A) was due to circumstances beyond her control within the meaning of § 521(e)(2)(B).

The Debtor's petition was filed only five months after BAPCPA was fully effective. Prior to the filing of the Debtor's bankruptcy petition, less than 200 petitions under BAPCPA had been filed in this district. Throughout the country, bankruptcy practitioners and the courts alike are struggling to comprehend the innuendos and new procedural requirements of BAPCPA. In this case, Counsel, an experienced bankruptcy attorney, admitted he did not realize § 521(e)(2)(A) set a deadline but that he acted immediately to rectify the situation once he realized his oversight. During the hearing, Counsel, a former chapter 7 trustee, made an offer of proof that the Debtor provided him with her tax returns as soon as he requested them and, thereby, did everything within her control to comply with the requirements of § 521(e)(2)(A). He asserted that her failure to strictly comply was due to his error. Counsel explained that because he has not yet mastered the multitude of new requirements under BAPCPA, he did

not realize § 521(e)(2)(A), a new section of the Bankruptcy Code, set a deadline to file the Debtor's tax returns until after the deadline had passed. The Trustee and the Court accepted Counsel's offer of proof.

The fact that BAPCPA was newly enacted when the Debtor's petition was filed contributed to the Debtor's failure to comply with the § 521(e)(2)(A) deadline. Additionally, at the hearing, the Trustee stated he would not have filed the Motion if he believed he had the discretion not to, because he suffered no harm from receiving the Debtor's tax returns three days rather than seven days before the 341 Meeting. Finally, the Court notes that compliance with the procedures of BAPCPA is difficult because it is replete with new, technical and procedural deadlines and requirements. Consequently, now more than ever, it is in the best interests of debtors and the bankruptcy court for debtors to engage an attorney when filing for bankruptcy protection, which is what the Debtor did in this case. Accordingly, the Court finds a dismissal under § 521(e)(2)(B) is not warranted due to the Debtor's failure to comply with § 521(e)(2)(A) as that failure was due to circumstances beyond her control. *See also In re Merrill,* 340 B.R. 671 (Bankr.D.N.H.2006) (Vaughn, J.) (holding dismissal of debtor's case under § 521(e)(2)(B) inappropriate when debtor's counsel was at fault for not filing tax returns by the deadline set in § 521(e)(2)(A)).

## B. Trustee's Discretion under § 521(e)(2)(A)

■ Although § 521(e)(2) uses the word "shall" twice, at least one bankruptcy court has held that trustees' prosecutorial discretion allows them the authority to decline to file a motion to dismiss despite untimely filings under § 521(e)(2)(A). *In re Duffus,* 339 B.R. 746, 748 (Bankr.D.Or. 2006) (holding trustee has discretion to waive untimely filing under § 521(e)(2)(A) by declining to file a motion to dismiss); *cf. Rooney v. Thorson (In re Dawnwood Properties),* 209 F.3d 114, 117 (2d Cir. 2000) (indicating trustee has discretion to pursue malpractice claims, let them lie, or abandon them in order to allow the debtor to proceed with an action); *Society Bank v. Sinder (In re Sinder),* 102 B.R. 978, 984 (Bankr.S.D.Ohio 1989) (holding trustee has discretion to decline to pursue avoidance actions); *In re V. Savino Oil & Heating Co., Inc.,* 91 B.R. 655, 656 (Bankr.E.D.N.Y. 1988) (indicating commencement of avoidance litigation by a trustee is permissive and not mandatory); *In re Airlift Intern., Inc.,* 18 B.R. 787, 788 (Bankr.S.D.Fla.1982) (stating the decision to cease operation of a business is within the discretion of the trustee). The *Duffus* court reasoned that Congress did not intend that § 521(e)(2) require mandatory dismissal because the language in § 521(e)(2) differs from the language in other sections of BAPCPA that do require mandatory dismissal. *Duffus,* 339 B.R. at 748. "Where the Congress intended that a case be dismissed automatically, and without need for a motion, it said as much." *See* § 521(i)(1).[2] "Nothing in § 521 suggests that the Trustee's motion was required." *Id.*

This Court agrees with the reasoning of the *Duffus* decision. If the Trustee has no discretion to waive an untimely filing under § 521(e)(2)(A), then dismissal would be automatic upon the Trustee's motion coming to the Court's attention, unless the debtor can satisfy § 521(e)(2)(B). Con-

---

**2.** [Section] 521(i)(1): "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case *shall be automatically dismissed* effective on the 46th day after the date of the filing of the petition." (footnote in original) (emphasis added).

gress simply did not impose such a requirement. There is nothing in the language of § 521(e)(2) that suggests that Congress intended to limit the discretion traditionally exercised by trustees in performing their duties under federal bankruptcy law. This Court will not limit such discretion by implication. If anything, the language of § 521(e)(2)(B) was likely intended to limit the Court's discretion regarding the dismissal of a case for failure to timely deliver tax returns to the trustee as required under § 521(e)(2)(A). If a trustee or other party in interest brings a debtor's failure to timely comply with § 521(e)(2)(A) to the Court's attention, the Court must dismiss the case, unless the debtor can establish that such failure is excused as being due to circumstances beyond the debtor's control within the meaning of § 521(e)(2)(B).

## IV. CONCLUSION

The Court has entered a separate order (Doc. No. 10) denying the Motion. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.